**Fairfax**

MILTON E. LEE

v.

VIRGINIA EMPLOYMENT COMMISSION, et al.

No. 0129-84

Argued May 31, 1985

Decided September 17, 1985

COUNSEL

Clarence F. Stanback, Jr., on brief, for appellant.

Gerald L. Baliles, Attorney General of Virginia, (J. Steven Sheppard, III, Assistant Attorney General on brief) for appellee.

OPINION

**KEENAN, J.**—This is an appeal from a decision of the Circuit Court of Arlington County, upholding a determination of the Virginia Employment Commission (VEC) that Milton Lee, appellant, was disqualified from receiving unemployment benefits under Code § 60.1-58(a). The VEC and the circuit court based this determination on a finding that appellant had terminated his employment with the General Services Administration (GSA), appellee, voluntarily and without good cause. The issue before us is whether the circuit court correctly sustained the findings and decision of the VEC.

The record reveals that appellant and the GSA entered into a written agreement settling a grievance filed against that agency by appellant. This agreement appears to have been reached in accordance with the procedures for informal settlements outlined in the Code of Federal Regulations, 5 C.F.R. § 2423.11(b)(1), (c).[1] The

---

[1] Those sections read as follows:
(b)(1) Prior to the issuance of any complaint or the taking of other formal action, the Regional Director will afford the charging party and the respondent a reasonable period of time in which to enter into an informal settlement agreement to be approved by the Regional Director. Upon approval by the Regional Director and compliance with the terms of the informal settlement agreement, no further action shall be taken in the case. If the respondent fails to perform its obligations under the informal settlement agreement, the Regional Director may determine to institute further proceedings.

agreement was executed on August 20, 1981, and included an individual development plan for appellant providing both short and long term career goals.

It is undisputed that, for the most part, the GSA did not live up to this agreement. The VEC found that due to severe budgetary cutbacks, the GSA could not provide appellant with the agreed upon training set out in the individual development plan. The VEC further found that appellant did not file a grievance against the GSA to have the agreement enforced because he believed that such an agreement would violate that agency's ethics and because he did not wish to have any negative disciplinary documents placed in his personnel file.

On March 28, 1983, appellant was reassigned within the GSA to a position he believed had no known promotion potential. It was also his belief that his new assignment was not in compliance with the goals set out in his individual development plan. Appellant complained to his supervisors, but no attempt was made to enforce the agreement through a grievance procedure. On May 24, 1983, appellant resigned his position with the GSA. His resignation letter stated that he took this action "in order to achieve the necessary pre-requisites to enhance my professional career." He believed that he had no further method of enforcing the agreement. The GSA took the position that the agreement was not legally binding but was only a good faith statement of goals.

Based on the fact that the appellant failed to file any grievance against the GSA to have his agreement enforced, the VEC found that appellant had not availed himself of every opportunity to rectify his problem. Accordingly, benefits were denied on the ground that he failed to do those things a reasonable person would have

. . . .
(c) Consistent with the policy reflected in paragraph (a) of this section, even after the issuance of a complaint, the Authority favors the settlement of issues. Such settlements may be either informal or formal. Informal settlement agreements shall be accomplished as provided in paragraph (b) of this section. Formal settlement agreements are subject to the approval of the Authority. In such formal settlement agreements, the parties shall agree to waive their right to a hearing and agree further that the Authority may issue an order requiring the respondent to take action appropriate to the terms of the settlement. Ordinarily the formal settlement agreement also contains the respondent's consent to the Authority's application for the entry of a decree by the appropriate federal court enforcing the Authority's order.

done prior to separating himself from his employment. This finding was upheld by the circuit court.

■ The standard of review in such cases is well established. Under Code § 60.1-67.1, the Commission's findings of fact, if supported by evidence and in the absence of fraud, are conclusive. The jurisdiction of the circuit courts is confined to questions of law. *Virginia Employment Commission* v. *City of Virginia Beach,* 222 Va. 728, 734, 284 S.E.2d 595, 598 (1981).

■ An individual is disqualified for unemployment benefits where the VEC finds that the individual left work voluntarily without good cause. Code § 60.1-58. The phrase "good cause," as used in this statute, has not been specifically defined by the legislature or the Supreme Court.[2] The VEC, however, has had ample opportunities to interpret "good cause." In the present case, the appeals examiner set out the VEC standard as follows:

> The Commission has adopted and held firmly to the premise that an employee, who for some reason, becomes dissatisfied with his work, must first pursue every available avenue open to him whereby he might alleviate or correct the condition of which he complains before relinquishing his employment. Stated in other terms, the claimant must have made every effort to eliminate or adjust with his employer the differences or conditions of which he complains. He must take those steps that could be reasonably expected of a person desirous of retaining his employment before hazarding the risks of unemployment.

■ It is well settled that where the construction of a statute has been uniform for many years in administrative practice, and has been acquiesced in by the General Assembly, such construction is entitled to great weight with the courts. *Dan River Mills, Inc.* v. *Unemployment Compensation Commission,* 195 Va. 997, 1002, 81 S.E.2d 620, 623 (1954).

---

[2] Code § 60.1-58(a) does provide two instances, neither of which are applicable to this case, that do not constitute "good cause:" (1) the voluntary leaving of work to become self-employed; and (2) the voluntary leaving of work to accompany or to join his or her spouse in a new locality.

Appellant resigned his position because he was dissatisfied with the GSA's attempts to comply with his individual development plan. He argues, on appeal, that there was no need to pursue administrative remedies since the GSA did not consider the settlement agreement binding. This, he claims, gave him cause to leave his employment. We disagree.

The federal regulations which govern agreements of the sort reached between appellant and the GSA clearly state that where the employer fails to perform its obligations, the Regional Director (Federal Labor Relations Authority) may determine to institute further proceedings. 5 C.F.R. § 2423.11(b)(1).[3] In order for the Regional Director to take such action, he must first be informed that a breach of the informal agreement has taken place. Appellant could have taken this step at any time and yet he failed to do so. Rather than attempting to have the Federal Labor Relations Authority intercede on his behalf, appellant chose the unilateral and drastic step of terminating his employment. Even if we assume that the GSA had breached the agreement, we cannot conclude that appellant had good cause to terminate his employment when an available remedy for that breach was ignored.

Our review of the record convinces us that there was ample evidence from which the VEC could find that appellant failed to take those steps that could be reasonably expected of a person desirous of retaining his employment. The decision of the circuit court finding appellant disqualified from receiving benefits pursuant to Code § 60.1-58(a) will, therefore, be affirmed.

*Affirmed.*

Koontz, C.J., and Baker, J., concurred.

---

[3] *See* note 1, *supra.*