46

## CIRCUIT COURT OF CITY OF WINCHESTER

Mary Dokes

    v.

Beverly Enterprises Shawnee
Springs Nursing Home
and Virginia Employment Commission

May 2, 1988

By JUDGE PERRY W. SARVER

This is a petition for judicial review of a decision of the Virginia Employment Commission dated February 27, 1986. The present Virginia Unemployment Compensation Act (Title 60.2) was enacted by Acts 1986, c. 480, effective January 1, 1987. All matters under review in this proceeding occurred prior to this date and thus are governed by the predecessor act, Code 1950, Title 60.1; 1968, c. 738, as amended.

The parties will be referred to herein as follows: the petitioner-employee as Dokes, the employer as Shawnee, and the Virginia Employment Commission as VEC.

Dokes had been employed by Shawnee as a nurse's assistant from 1969 to September, 1985.

In August, 1985, Dokes decided that she did not wish to work full time as she was no longer in need of full time employment. She requested part time employment, and this is the principal area of disagreement between the parties. Dokes states that she told her supervisor that her request was not to take effect until after January 1, 1986. Her supervisor stated that it was her understanding that the change was to take effect immediately. Shift assignments were made for thirty-day periods, in advance.

Effective with the next thirty-day period, the supervisor making the assignments reassigned Dokes in accordance with her request.

Dokes learned of the new assignment while on vacation, called her supervisor, and expressed her displeasure at the premature reassignment. When Dokes returned from vacation, she discussed the matter fully with Janice Hottle, the Nursing Supervisor, and when a satisfactory resolution to the problem could not be reached, an appointment was arranged with Benita Brown, Shawnee's Administrator. The differences could not be resolved at that level either, and Dokes gave notice on or about September 12, 1985, that she was quitting effective September 26, 1985, which she did.

While on vacation, Dokes consulted with the Pittsburgh, Pennsylvania, office of the Equal Employment Opportunity Commission since she felt that she was being subjected to discrimination because of her race. She stated that someone in the Pittsburgh office advised her to resign and pursue the discrimination complaint. It was conceded by Dokes and her counsel that she was poorly advised in this respect. Dokes alleges that this advice constituted good cause for her resignation. It is clear from a review of the transcript that Dokes requested that she be placed on part time work, that because of a misunderstanding, either because of a failure by Dokes to communicate the full request as to when the change should take place, or a failure by Shawnee's representative to interpret the request, a misunderstanding arose.

It is also clear that upon being apprised to the misunderstanding, Shawnee acted reasonably to correct the situation by telling Dokes that she would be returning to her prior status when the next shift assignments were made and, in the meantime, she would be given extra work to bring her working hours up to full employment and that her other benefits would not be affected. She was given the opportunity to talk to Shawnee's Administrator, Benita Brown, and given the same opportunity, and Ms. Brown also gave her the option of taking a leave of absence to think matters over rather than resigning.

The standard of review in such cases is well established. Under Code § 60.1-67.1, the Commission's findings of fact, if supported by evidence and in the absence of

fraud, are conclusive. The jurisdiction of the circuit courts is confined to questions of law. *Lee v. Employment Commission*, 1 Va. App. 82 (1985), citing *Virginia Employment Commission v. City of Virginia Beach*, 222 Va. 728, 734, 284 S.E.2d 595, 598 (1981).

The issue in this case is whether Dokes left work voluntarily without good cause, Code § 60.1-58(a). There is no evidence that Dokes was discharged.

As stated in *Lee*: "An individual is disqualified for unemployment benefits where the VEC finds that the individual left work voluntarily without good cause . . ." *Id. at 85.*

The phrase "good cause" has not been defined by the legislature or the Supreme Court but has been defined by the VEC over the years as follows:

> The Commission has adopted and held firmly to the premise that an employee, who for some reason, becomes dissatisfied with his work, must first pursue every available avenue open to him whereby he might alleviate or correct the condition of which he complains before relinquishing his employment. Stated in other terms, the claimant must have made every effort to eliminate or adjust with his employer the differences or conditions of which he complains. He must take those steps that could be reasonably expected of a person desirous of retaining his employment before hazarding the risks of unemployment. *Id.* at 87.

The Commission's findings of fact are supported by the evidence, there is no evidence of fraud, either intrinsic or extrinsic, and little conflict between the testimony of Dokes and Shawnee's witnesses on the steps taken to correct the problem resulting from the misunderstanding between the parties.

There is ample evidence in the transcript of the hearing from which VEC could find that Dokes failed to take those steps that could be reasonably expected of a person desirous of retaining her employment. Shawnee acted reasonably and afforded Dokes every opportunity to regain full employment under her former terms and

conditions and to assure Dokes that she would suffer no loss of income or employment benefits pending the next scheduling period. However, Dokes chose the unilateral, drastic step of terminating her employment without good cause.

With regard to the collateral issue of requiring a doctor's certificate before she could resume bathing patients, the court finds that such was not unreasonable.

Dokes's petition for judicial review will be dismissed.