## CIRCUIT COURT OF WISE COUNTY

Kathy B. Umbarger

v.

Virginia Employment Commission and
Glenn Roberts Tire and Recapping

February 2, 1990

Case No. C88-502

By JUDGE JAMES C. ROBERSON

I have reviewed the pleadings, the records, authorities cited, and argument of counsel and make the following decisions in the above-styled case.

*Proceeding*

Kathy B. Umbarger (claimant) filed a petition in the Circuit Court of Wise County, Virginia, against the Virginia Employment Commission (commission) and Glenn Roberts Tire and Recapping (employer) requesting a judicial review of the decision of the commission pursuant to the provisions of § 60.2-625 of the Code of Virginia.

Claimant worked for Glenn Roberts Tire and Recapping as a bookkeeper from November 28, 1978, until she resigned on August 3, 1988. On August 25, 1988, a deputy commissioner for the Virginia Employment Commission denied her claim for unemployment compensation on the ground that she left her employment voluntarily without good cause. An appeals examiner heard claimant's appeal on September 22, 1988. In a decision dated September 29, 1988, the appeals examiner

denied claimant's claim. Claimant appealed to the commission on November 7, 1988. The commissioner affirmed the decision of the appeals examiner. On November 23, 1988, claimant timely filed a petition for judicial review of the commissioner's decision by the circuit court pursuant to the provision of § 60.2-625 of the Code of Virginia.

## *Issue*

Did the claimant leave work voluntarily without good cause and become disqualified for unemployment compensation benefits pursuant to § 60.2-618(1) of the Code of Virginia (1950), as amended?

## *Facts*

Kathy Umbarger (claimant) worked as a bookkeeper for Glenn Roberts Tire and Recapping (employer) in Big Stone Gap, Virginia, from November 2, 1978, until August 8, 1988. On July 1, 1988, the store manager of the employer retired, and the service manager left shortly thereafter to start his own business. Three service employees tendered their resignations to accept jobs with the ex-service manager's business. Two of these employees were offered raises to match the new salaries they had been offered, but the employees left employer anyway.

A salesman was appointed as the new store manager for employer's store in Big Stone Gap, but he retained his sales position with other large accounts that necessitated his absence from the store.

The employer then hired a new employee who did some of the work that claimant had previously done. He was potentially to become the store manager.

Claimant did not like the fact that the new employee was doing some of the work she had previously done. On August 8, 1988, claimant learned that the new employee was being paid forty cents per hour more than she had been making after ten years' employment. This upset claimant, and she spoke to the operations manager upon her return from lunch.

At the meeting between claimant and the operations manager, she challenged the fact that the new man was being paid more than she. The operations manager informed

her that the man was in a different classification and would possibly become store manager. Claimant stated that she did not think this was fair and she wanted a pay raise. When she was told that conditions would not permit a raise for her, she stated, "To me that sounds like discrimination." He said, "Well, it's not." Claimant said, "We'll see what somebody else says -- has to say about that," and she walked out the door and went home before the end of the work day.

Claimant expected to be called and offered a raise like the other employees who quit. She did not receive a call, and on August 9, 1988, (next day) she went back to her office and got her "things that were in the office, and nobody even spoke to me." That same day claimant filed her claim for unemployment compensation.

An official of the employer reported to the commission that it was quite possible that the claimant would have been laid off from her job in the very near future because of the company's financial condition. No final decision had been made prior to claimant's walking off the job on August 8, 1988.

### Decision

Section 60.2-618(1) of the Code of Virginia provides that a claimant shall be disqualified for benefits if she "left work voluntarily without good cause."

The standard of review in any judicial proceeding is well established. Under Code § 60.2-625(A), the Commissioner's findings of fact, if supported by evidence and in the absence of fraud, are conclusive. The jurisdiction of the circuit court is confined to questions of law. *Virginia Employment Commission v. City of Virginia Beach*, 222 Va. 728, 734, 228 S.E.2d 595, 598 (1981), cited in *Lee v. Virginia Employment Commission*, 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985).

In *Lee*, supra, the Virginia Court of Appeals upheld the standard for establishing good cause for voluntarily leaving work, as follows:

> The commission has adopted and held firmly to the premise that an employee, who for some reason becomes dissatisfied with his work, must

first pursue every available avenue open to him whereby he might alleviate or correct the condition of which he complains of before relinquishing his employment . . . He must take those steps that could be reasonably expected of a person desirous of retaining his employment before hazarding the risks of unemployment. 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985).

In the present case, the claimant voluntarily walked off her job before the end of the work day on August 8, 1988. Although she felt she was underpaid and discriminated against in view of the recently hired higher paid male employee, she did nothing more than talk briefly with her employer's representative, request a raise, and complain about discrimination. She was not fired and not laid off. She voluntarily quit.

Claimant certainly had reasonable alternatives to quitting her job precipitately. She could have continued her employment and pursued her request for a raise. She could have pursued her claim for discrimination. She could have had additional conferences with her employer concerning her complaints.

By choosing arbitrarily and voluntarily to walk off the job in the afternoon without good cause, she became disqualified for benefits.

Since the commission's findings of fact, if supported by evidence and in the absence of fraud, are conclusive, the jurisdiction of circuit courts is confined to questions of law. § 60.2-625(A). *Virginia Employment Commission v. City of Virginia Beach*, 225 Va. 728, 734, 228 S.E.2d 595, 598 (1981). A review of the record provides ample evidence from which the commission could find that the claimant left work voluntarily without good cause. There was no evidence of fraud. The court will not substitute its will for that of the commission. Whether the issue of leaving work voluntarily without cause is entirely a factual issue or issue of law or whether it is a mixed question of law and fact, the court finds as a matter of fact and as a matter of law that the claimant left work voluntarily without good cause.

*Conclusion*

The claimant is disqualified from receiving benefits because she left work voluntarily without good cause. Section 60.2-618(1).