## CIRCUIT COURT OF STAFFORD COUNTY

Hilldrup Transfer & Storage, Inc.

v.

Virginia Employment Commission
and Fred Young, Jr.

Case No. (Law) 93000133

BY JUDGE JAMES W. HALEY, JR.

July 13, 1993

Pursuant to the standards of judicial review set forth in Code § 60.2–625, the court finds the decision of the V.E.C. that the claimant voluntarily left employment and that the claimant was not discharged for non-qualifying misconduct are both conclusive as to factual finding and in accordance with proper application of law. *See, V.E.C. v. Gantt,* 7 Va. App. 631, 635, 376 S.E.2d 808, 811, *aff'd. en banc* 9 Va. App. 225, 385 S.E.2d 247 (1989).

The remaining question, therefore, is whether claimant voluntarily left employment with "good cause." Code § 60.2–618 (1).

The burden is upon the claimant to demonstrate good cause. *Lee v. V.E.C.,* 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985). "The determination of what constitutes "good cause" is a mixed question of law and fact . . . ." *Umbarger v. V.E.C.,* 12 Va. App. 431, 434, 404 S.E. 2d 380 (1991). Relying on *Dan River Mills, Inc. v. V.E.C.,* 195 Va. 997, 1002, 81 S.E.2d 620, 623 (1954), the court in *Lee* accepted the definition of "good cause" as set forth by the appeals examiner:

The Commission has adopted and held firmly to the premise that an employee, who for some reason, becomes dissatisfied with his work, must first pursue every available avenue open to him whereby he might alleviate or correct the condition of

> which he complains before relinquishing his employment. Stated in other terms, the claimant must have made every effort to eliminate or adjust with his employer the differences or conditions of which he complains. He must take those steps that could be reasonably expected of a person desirous of retaining his employment before hazarding the risks of unemployment.

12 Va. App. at 85.

With this narrowing of the issues, I would like counsel to brief the matter.

### October 15, 1993

This letter opinion shall include by this reference the court's letter to counsel of July 13, 1993. Therein, the issue was narrowed to whether or not claimant voluntarily left employment for "good cause." Code § 60.2–618(1).

Most recently, the Court of Appeals set forth the standard of review of decisions of the Virginia Employment Commission:

> "On review, [we] must consider the evidence in the light most favorable to the finding by the Commission." *Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626, 359 S.E.2d 552, 554–55 (1987). Code § 60.2–625 sets forth the standard of "judicial review" for appeals from the decisions of the V.E.C. "[I]n such cases . . . the Commission's findings of fact, if supported by evidence and in the absence of fraud, are conclusive." *Lee v. Virginia Employment Comm'n*, 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985). The V.E.C.'s findings of fact need only be "supported by evidence" for them to be binding on appeal, unless we conclude that no evidence supports the findings or that they were obtained by fraud. *See, Unemployment Compensation Comm'n v. Dan River Mills, Inc.*, 197 Va. 816, 817, 91 S.E.2d 642, 643 (1956); *Branch v. Virginia Employment Comm'n*, 219 Va. 609, 613, 249 S.E.2d 180, 183 (1978).

*Bell Atlantic Network v. V.E.C.*, — Va. App. —, —, 433 S.E.2d 30, 32 (1993). *See also, V.E.C. v. City of Virginia Beach*, 222 Va. 728, 734, 284 S.E.2d 595, 598 (1981).

Among the Commission's findings of fact in the instant case are:

1. "The physician modified the lifting restriction to a 25 pound limit." (Comm'n opinion, p. 31.)

2. The claimant asked the employer "if work was available for him that met those restrictions imposed by his physician. On none of these occasions was any work available for him." (Comm'n opinion, p. 4.)

3. The claimant's physician "also stated that the claimant was not physically able to work full time at his regular employment. He further stated that the claimant could work only as long as he did not lift over 25 pounds." (Comm'n opinion, p. 4.)

In his memorandum, counsel for employer maintains claimant "offered no evidence" of seeking alternative work from his employer other than through the company dispatcher. Yet there was testimony that work assignments were the responsibility of the dispatcher. (T. 1, p. 83.) Counsel further claims there is insufficient medical evidence to support the weight restriction limitation. Again, however, there is documentary evidence that this limitation was physician imposed.

The problem with counsel's argument is that there is evidence, both verbal and documentary, which supports the Commission's findings of fact quoted above. As to the weight or veracity of this evidence, the court in *Bell Atlantic, supra,* stated:

> It is peculiarly the function of the fact finder, in this case the V.E.C., to determine what weight, if any, should be accorded to such evidence. "As the factfinder, the Commission is charged with the responsibility of resolving questions of credibility and of controverted facts." *Virginia Employment Comm'n v. Gantt,* 7 Va. App. 631, 635, 376 S.E.2d 808, 811, *aff'd,* 9 Va. App. 225, 385 S.E.2d 247 (1989) (en banc).

The findings of the Virginia Employment Commission constitute "good cause" for voluntarily leaving employment as a matter of law. *Weakley v. Sperry Marine Systems & Dry Cleaners,* Comm. Decision 6680-C (Apr. 7, 1975); *Boardwine v. Tennessee Investment Casting Company,* Comm. Decision 37072-C (Dec. 20, 1991); *Weaver v. Ideal Laundry & Dry Cleaners,* Comm. Decision 3153-C (Oct. 16, 1957).

In light of the foregoing, the court concludes that the findings of fact by the Virginia Employment Commission are "supported by evidence," and the decision of the Commission is in accord with law. Code § 60.2–625(A).