## CIRCUIT COURT OF FAIRFAX COUNTY

Warren F. Jackson

v.

Virginia Employment Comm'n
and Fairfax County

. November 5, 1993

Case No. (Law) 123387

BY JUDGE STANLEY P. KLEIN

Petitioner, Warren F. Jackson, is appealing the Virginia Employment Commission's decision ("VEC") which found that the Petitioner had left work voluntarily without good cause pursuant to Virginia Code § 60.2–618(1). The effect of the Commission's decision was to disqualify Petitioner from receiving unemployment compensation. Petitioner now seeks relief from the Commission's decision pursuant to Virginia Code § 60.2–625. This Court took the matter under advisement after oral argument on October 8, 1993, and invited counsel to supply any additional authorities which counsel wished the Court to consider. The Court has reviewed all memoranda of counsel and the authorities cited therein. For the reasons hereinafter set forth, the Petition for Judicial Review is dismissed and the decision of the Virginia Employment Commission disqualifying Petitioner from unemployment compensation is affirmed.

Virginia Code § 60.2–625 details the standard of judicial review that applies to this proceeding. The statute reads, in relevant part, that "the findings of the Commission as to the facts, if supported by the evi-

dence . . . shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Va. Code Ann. § 60.2–625(A). As the Virginia Court of Appeals recently reiterated, "The VEC's findings of fact need only be 'supported by the evidence' for them to be binding on appeal, unless we conclude that no evidence supports the finding or they were obtained by fraud." *Bell Atlantic Network Services v. Virginia Employment Comm'n and Leniece Matthews*, 16 Va. App. 741, 745 (1993). Thus, this Court sits as an appellate court in this proceeding. The questions presented in this appeal are limited to whether (1) the VEC properly answered the questions of law presented in this matter, and (2) whether the relevant factual findings are supported by the evidence.

In *Umbarger v. Virginia Employment Comm'n*, 12 Va. App. 431, 435 (1991), the Virginia Court of Appeals established the appropriate legal framework for determining "whether 'good cause' existed for a claimant to voluntarily leave employment . . . ." In *Umbarger*, the Court held that, "the commission and the reviewing courts must first apply an objective standard to the reasonableness of the employee dispute and then to the reasonableness of the employee's efforts to resolve that dispute before leaving the employment." At oral argument, Petitioner argued that the Commission's opinion seemingly failed to apply the first prong of the *Umbarger* framework.[1] Even if that contention were correct, it is not dispositive of this matter as the Petitioner must also satisfy the second prong of the *Umbarger* analysis.

In *Lee v. Virginia Employment Comm'n*, 1 Va. App. 82, 85 (1985), the Virginia Court of Appeals upheld the VEC's position that the employee "must take those steps that could be reasonably expected of a person desirous of retaining his employment before hazarding the risks

---

[1] Indeed, the Commissioner's Opinion suggests that unintentional racist remarks cannot provide a sufficient basis for establishing a reasonable employee dispute. *Warren F. Jackson v. Fairfax County*, Commission Decision 40338-C at 3 (March 31, 1993). This Court rejects this reasoning as misguided particularly considering *Umbarger*'s objective, "reasonable employee dispute" focus. *Umbarger* at 435–436. Whether comments are intended or unintended to be racist is an irrelevant legal inquiry as the focus must be on the employee's mental state--not the employer's. *Id.*

Moreover, this Court finds untenable the Commission's apparent position that unintentional, racially offensive speech and conduct should be considered acceptable "fact[s] of everyday life." *Warren F. Jackson v. Fairfax County*, Commission Decision 40338-C at 3 (March 31, 1993).

of unemployment." Based upon the record herein, the Commission's Special Examiner ruled that the Petitioner "failed to show that he was compelled without reasonable alternatives to resign his job at the time he did so." *Warren F. Jackson v. Fairfax County*, Commission Decision 40338–C at 3 (March 31, 1993). The record supports the VEC's findings that the Petitioner only completed the second step of the County's four-step grievance procedure before filing his resignation on March 12, 1992. While the Petitioner presented evidence concerning racist remarks and conduct at the Appeals Examiner's hearing, the Special Examiner found credible the arguments that Petitioner's personal financial difficulties primarily motivated Petitioner's decision to resign.[2] In fact, the record reflects that Petitioner filed an amended second step grievance form the day after his resignation letter had been submitted. Based upon the evidence in the record, the Special Examiner could have concluded that the Petitioner did not perceive utilization of the grievance process a futile exercise. *Cf. Umbarger*, 12 Va. App. at 436–437.

Finally, Petitioner argues that the Court of Appeals' decision in *Umbarger* should be controlling. Petitioner's reliance on *Umbarger* is misplaced. In *Umbarger*, there was "no evidence that Ms. Umbarger had the benefit of an established, designated procedure for addressing employee grievances." *Umbarger*, 12 Va. App. at 437. Thus, when Ms. Umbarger confronted the top officer of her corporate employer, the Court of Appeals ruled that she had properly exhausted all of her reasonable alternatives in pursuing redress for her alleged injury. *Id.* The factual situation in *Umbarger* is not analogous to the factual situation presented here, where a well-defined grievance system had been established to handle employee disputes. Given the factual disparities between this case and *Umbarger*, this Court finds reliance on that decision unavailing.

---

[2] At oral argument, the Attorney General conceded that the Commission's finding of fact that, "Towards the end of his employment, the claimant was undergoing severe personal financial difficulties, primarily centered around the expensive medical care extended on behalf of his son," was not supported by the evidence. *Warren F. Jackson v. Fairfax County*, Commission Decision 40338-C at 2 (March 31, 1993). This point is not dispositive of the issues presented here. Additional evidence in the Record supports the Special Examiner's findings and conclusions that the Petitioner was unreasonable in failing to utilize the County's established grievance procedure.

Having made findings supported by the evidence in the record, the Commission's ruling that the Petitioner failed to exhaust all reasonable alternatives will not be disturbed on appeal. The Special Examiner's decision is in accordance with the law and his findings of fact are supported by evidence in the record. This Court therefore affirms the VEC's ruling.