COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton, and Overton
Argued at Salem, Virginia


WILMA S. GARDNER

v.         Record No. 2240-94-3        MEMORANDUM OPINION* BY
                                        JUDGE NELSON T. OVERTON
VIRGINIA EMPLOYMENT COMMISSION,              JANUARY 16, 1996
 HERCULES, INC. and
 STANDARD INDUSTRIAL MAINTENANCE, INC.

              FROM THE CIRCUIT COURT OF CARROLL COUNTY
                        Duane E. Mink, Judge

          Margaret T. Schenck (Southwest Virginia Legal Aid
          Society, Inc., on briefs), for appellant.

          Patricia H. Quillen, Assistant Attorney General
          (James S. Gilmore, III, Attorney General; Lisa J.
          Rowley, Assistant Attorney General, on brief), for
          appellee Virginia Employment Commission.

          No briefs or arguments for appellees Hercules,
          Inc. and Standard Industrial Maintenance, Inc.


     Wilma Gardner appeals from a decision of the Circuit Court

of Carroll County affirming the Virginia Employment Commission's

denial of her claim for unemployment compensation benefits.  The

Commission found Gardner disqualified for benefits because she

voluntarily resigned from her position without good cause.  We

find adequate evidence in the record to support this

determination, and we affirm the decision of the trial court.

     Gardner's employment entailed cleaning restrooms, a

cafeteria, and administrative offices.  On her first day, she

noticed cigarette smoke in many of the work areas to which she

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

would be exposed.  Smoke bothered her, and she told her supervisor that she did not know if she would be able to handle the smoke.  Her supervisor told her that this job and all others in the building would require her to come into contact with cigarette smoke.  Gardner nevertheless began work and continued for three days.  She then resigned by leaving a message with her supervisor's receptionist.  While she did not give any reason at that time for her resignation, when she returned to pick up her check later she stated that health problems had caused her to leave.  She did not seek medical treatment prior to her resignation.  She did not inform her employer that she could not continue working because of the smoke nor did she request a transfer.

If an employee voluntarily leaves employment without good cause, that individual becomes disqualified for unemployment compensation.  Code § 60.2-618(1).  The question of good cause must be considered with a two-part analysis.  The Commission and reviewing courts must first apply an objective standard to the reasonableness of the employment dispute and then to the reasonableness of the employee's efforts to resolve that dispute before leaving.  Umbarger v. Virginia Employment Comm'n, 12 Va. App. 431, 435, 404 S.E.2d 380, 383 (1990).

Gardner's conduct does not rise to a level sufficient to satisfy the second part of the analysis.  "[A]n employee, who for some reason, becomes dissatisfied with his work, must first

pursue every available option open to him whereby he might alleviate or correct the condition of which he complains before relinquishing his employment." Lee v. Virginia Employment Comm'n, 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985). Gardner mentioned that smoke bothered her on the first day. After that, she made no attempts to correct the problem. She did not request a transfer or leave. She did not discuss alternatives with her supervisor. She did not even inform her supervisor of her troubles until a week after she resigned. The record does not disclose the required "steps that could be reasonably expected of a person desirous of retaining his employment before hazarding the risks of unemployment." Id.

Having found that Gardner failed the second element of the Umbarger two-part analysis, we need not discuss the first. The Commission and the trial court properly disqualified Gardner from unemployment benefits for her voluntary resignation without good cause.

Affirmed.

BENTON, J., dissenting.

Gardner left her employment because of cigarette smoke in her workplace environment and the harmful effect of the smoke on her health. Thus, based on Umbarger v. VEC, 12 Va. App. 431, 404 S.E.2d 380 (1991), I would hold that the evidence proved that Gardner had good cause to leave her employment.

The evidence in the record proved that Gardner informed her supervisor on her first day of employment that she could not tolerate cigarette smoke. The supervisor, who was smoking, extinguished his cigarette and told her that "the only jobs . . . [available] in that building . . . [put] you . . . in contact with cigarette smoke." Gardner was employed and worked for three days. However, she quit after she began to experience breathing problems.

The evidence proved that the employer had no jobs available that would not expose Gardner to cigarette smoke. Gardner's supervisor testified that "she was doing a great job," but he had no job that was in a smoke-free environment. The supervisor testified that "this job that she had would probably have been the least [contact with cigarette smoke] because she was cleaning in the administrative offices which took about 50 percent of her time." Smoking, however, was permitted in the offices.

The evidence proved that all of Gardner's prior employment had been in smoke-free environments. The evidence also proved that Gardner suffered ill effects from cigarette smoke and that

she informed the supervisor of her problem when she was hired. In addition, the undisputed evidence proved that the employer had no alternative employment available that was in a smoke-free environment.  Under <u>Umbarger</u>, Gardner was entitled to receive unemployment benefits.