COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Overton, and Senior Judge Hodges
Argued at Salem, Virginia


VIDEL C. PIZZINO

v.   Record No. 2958-95-3                    MEMORANDUM OPINION[*]
                                         BY JUDGE WILLIAM H. HODGES
J. DILLARD HUTCHENS CORP. AND              SEPTEMBER 17, 1996
 VIRGINIA EMPLOYMENT COMMISSION

            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                      B. A. Davis, III, Judge

        Barbara Hudson, for appellant.

        Robert L. Morrison, Jr. (Williams, Stilwell,
        Morrison, Williams & Light, on brief), for
        appellee J. Dillard Hutchens Corp.

        Robert L. Walker, Assistant Attorney General
        (James S. Gilmore, III, Attorney General;
        Lisa L. Rowley, Assistant Attorney General,
        on brief), for appellee Virginia Employment
        Commission.


     Videl C. Pizzino appeals a final order of the Circuit Court

of the City of Danville which affirmed the decision of the

Virginia Employment Commission (VEC) to deny unemployment

benefits to Pizzino.  Pizzino was disqualified from receiving

benefits based upon her separation from J. Dillard Hutchens

Corp., t/a Old Dutch Supermarket.  On appeal, Pizzino argues that

the VEC erred in finding that she voluntarily left work without

good cause.  Finding no error, we affirm.

_____

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Pizzino was a cashier at the Old Dutch Supermarket, owned by J. Dillard Hutchens.  Her duties included re-stocking the shelves on Monday afternoons.  Pizzino had surgery on her back on March 1, 1994 and, as a result, had several stitches in her back.  At the hearing conducted by the appeals examiner, Pizzino testified that her doctor advised her to perform "light work" until March 8, 1994.  Hutchens testified that he was aware Pizzino recently had surgery and that she had stitches in her back, but that she never told him she was instructed to perform only "light duty" and that she did not show Hutchens a doctor's excuse indicating she could only perform "light work."

At about noon on March 7, 1994, Hutchens instructed Pizzino to help re-stock the cereal shelves.  Pizzino replied that she was not going to re-stock because she was concerned she might damage her stitches.  Hutchens responded that she "might as well go home, then."  Pizzino replied, "I can do that," and she immediately left the store.  Hutchens testified that he did not intend to discharge Pizzino when he told her that she "might as well go home."

When Pizzino did not return to work at 4:00 p.m., as scheduled, Hutchens telephoned her home to ask if she was coming to work.  Pizzino refused to speak to Hutchens, and she never returned to work.

At the appeals examiner's hearing, Pizzino first claimed

that her separation was prompted by sexual harassment. Hutchens denied most of her sexual harassment allegations, except he acknowledged that he did "tap her on the butt and keep walking" when she leaned over while re-stocking shelves. Hutchens testified that Pizzino would respond, "You fool, you," and that she did not tell him to stop. Pizzino testified that she did "warn[] him several times to stop." Two other employees testified that Pizzino never complained to them about sexual harassment by Hutchens. Hutchens also testified that Pizzino engaged in sexually suggestive conduct.

## II.

"On review, [we] must consider the evidence in the light most favorable to the finding by the Commission." Code § 60.2-625 sets forth the standard of "judicial review" for appeals from the decisions of the VEC. "[I]n such cases . . . the Commission's findings of fact, if supported by evidence and in the absence of fraud, are conclusive." The VEC's findings of fact need only be "supported by evidence" for them to be binding on appeal, unless we conclude that no evidence supports the findings or that they were obtained by fraud.

Bell Atl. Network Servs. v. Virginia Employment Comm'n, 16 Va. App. 741, 745, 433 S.E.2d 30, 32 (1993) (citations omitted).

Pizzino alleged physical limitations that rendered her unable to re-stock the shelves. However, Pizzino did not inform Hutchens of her doctor's advice that she perform only "light work," and she did not provide him with a note from her doctor containing this instruction. Although she had recent surgery,

3

she had worked as a cashier for several days after the surgery and before the incident. She had not expressed limitations in her abilities to work.

Moreover, Hutchens did not "order" Pizzino to go home, fire her, or tell her never to return to work after the incident. Hutchens did not intend to terminate Pizzino when he told her she could go home. Pizzino's actions severed the employment relationship. She voluntarily left work without further explanation of her medical condition and then refused to speak with Hutchens when he called her later that day. She did not explain to Hutchens that she was only able to perform her duties as a cashier. Thus, Pizzino did not "pursue every available avenue open to [her] whereby [she] might alleviate or correct the conditions of which [she] complain[ed] before relinquishing [her] employment." See Lee v. Virginia Employment Comm'n, 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985). "[A] claimant must take all reasonable steps to resolve [her] conflicts with [her] employer and retain [her] employment before voluntarily leaving that employment." Umbarger v. Virginia Employment Comm'n, 12 Va. App. 431, 435, 404 S.E.2d 380, 383 (1991).

The Commission also found that Hutchens did not sexually harass Pizzino. This finding is supported by the evidence that when Hutchens tapped Pizzino on the posterior, she did not indicate the behavior was unwanted or offensive. She never complained to other employees that Hutchens sexually harassed

4

her.  There was evidence presented that she participated in sexually suggestive bantering among the employees.  Moreover, as stated by the VEC, the fact that Pizzino did not mention sexual harassment as a basis for her separation until she testified at the appeals examiner's hearing "tend[ed] to diminish the significance of this allegation."  Thus, because the finding of no sexual harassment is supported by evidence in the record, it is binding on this Court.  See Code § 60.2-625.

For the above-stated reasons, we find no error in the trial judge's order affirming the decision of the VEC denying unemployment benefits to Pizzino.  Accordingly, we affirm.

Affirmed.

5