## CIRCUIT COURT OF FAIRFAX COUNTY

Gurmit Singh Ruprai

v.

Virginia Employment
Commission et al.

January 4, 2000

Case No. (Law) 175580

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Petitioner Gurmit Singh Ruprai's Petition for Judicial Review of Respondent Virginia Employment Commission's decision that Ruprai was not entitled to unemployment benefits after his termination from the United States Postal Service. The Commission concluded that the Postal Service had proven work-connected misconduct and that in the absence of circumstances in mitigation of Ruprai's behavior, he was disqualified from receiving unemployment benefits under the provisions of Va. Code § 60.2-618. The Commission ordered that Ruprai refund the benefits that had been paid to him under the Deputy Examiner's decision.[1] For the reasons set forth in this opinion, the Court now vacates the Commission's decision and remands this matter to the Commission for a determination of whether Ruprai's actions constituted misconduct under the second prong of *Branch v. Virginia Employment Commission*, 219 Va. 609 (1978).

---

[1] At oral argument, Ruprai conceded that he would be required to refund the benefits paid to him if the Court affirmed the Commission's decision.

## I. *Background*

On March 20, 1998, a female co-worker of Ruprai approached Ruprai's supervisor about Ruprai's interaction with her. After a brief exchange between the three persons, Ruprai's supervisor instructed each employee to "continue on with their work and to stay away from each other." Shortly thereafter, Ruprai reinitiated contact with the female co-worker. The supervisor intervened when Ruprai's tone turned angry. The supervisor warned Ruprai that if he "could not control his temper and refrain from his angry gestures and raised tone of voice," then the supervisor would request that Ruprai leave the premises. Ruprai failed to calm down and was escorted from the building.

As a result of his conduct on March 20, 1998, Ruprai was discharged from employment by the Postal Service. Upon Ruprai's application to the Commission for unemployment compensation benefits, a Deputy Examiner found insufficient evidence to show misconduct and qualified Ruprai for benefits, effective April 19, 1998. On August 8, 1998, an Appeals Examiner reversed the decision of the Deputy Examiner. The Commission held a hearing on September 15, 1998, and affirmed the decision of the Appeals Examiner. In its decision, the Commission concluded (1) that the Postal Service "had rules concerning disciplinary action" and (2) that Ruprai understood those rules and violated them.

## II. *Analysis*

The Commission determined that Ruprai was disqualified for benefits under the provisions of Va. Code § 60.2-618 ("Section 618") because he was discharged for misconduct connected with his work. Section 618, in relevant part, reads as follows:

> *Disqualification for benefits. — An individual shall be disqualified for benefits* upon separation from the last employing unit for whom he has worked thirty days or 240 hours or from any subsequent employing unit ....
> 2. a. For any week benefits are claimed until he has performed services for an employer (i) during thirty days, whether or not such days are consecutive, or (ii) for 240 hours, and subsequently becomes totally or partially separated from such employment, *if the Commission finds such individual is unemployed because he had been discharged for misconduct connected with his work.*

Va. Code § 60.2-618 (emphasis added). In *Branch v. Virginia Employment Commission*, 219 Va. 609 (1978), the Virginia Supreme Court held that:

> [A]n employee is guilty of misconduct connected with his work *[(1)] when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or [(2)] when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.*

*Id.* at 611 (emphasis added). Hence, one of the two prongs of the *Branch* test must be satisfied in order to find that an employee has engaged in misconduct that disqualifies him from receiving unemployment benefits. In the present case, the Commission found that the evidence established a violation of the "company rule" prong of the *Branch* test but made no finding as to the "willful disregard of the employer's interests" prong. The Court, therefore, must consider only whether there is evidence in the record that supports the Commission's finding of a violation of the "company rule" prong.

In the absence of fraud, the Commission's findings of fact are conclusive if supported by evidence in the record. *Lee v. Virginia Employment Commission*, 1 Va. App. 82, 85 (1985). The jurisdiction of this Court, therefore, is confined to questions of law. *Id.* The level of deference to the Commission's decision regarding a question of law depends upon the nature of the legal question involved. *Sentara Norfolk General Hospital v. State Health Commissioner*, 30 Va. App. 267, 275 (1999). The Court should give special weight to the Commission's decision on matters that fall within the Commission's specialized competence but should give less deference to matters where the Court has special competence. *Id.*

In order to find that Ruprai deliberately violated a company rule, the Commission had to construe the contemporaneous warnings of the supervisor as a "company rule." The Postal Service contends that there was an existing company rule set out in different editions of the Employee and Labor Relations Manual that governed the propriety of Ruprai's actions on the date in question. However, such evidence was neither presented to nor relied upon by the Commission in reaching its decision. Consequently, as conceded by the Attorney General, it would not be proper for this Court to consider any such evidence in this appeal.

Whether failure to comply with contemporaneous instruction of one's supervisor can, by itself, constitute a violation of a company rule is a question of law that falls within the competence of this Court. While the decisions of

the Virginia Supreme Court and the Virginia Court of Appeals do not establish the precise characteristics of a company rule, they strongly suggest that such rules are intended to forewarn employees of the proper course of conduct. *See Virginia Employment Commission v. Gantt*, 7 Va. App. 631, 634 (1989) (stating that a rule adopted by an employer "defines the specific behavior considered to harm or to further the employer's interests"). *See also Food Lion, Inc. v. Newsome*, 30 Va. App. 21, 23 (1999) (referring to "established" company rules); *Robinson v Hurst Harvey Oil*, 12 Va. App. 936, 939 (1991) (referring to "written company policy"); *Wyle v. Professional Services Industries*, 12 Va. App. 684, 688 (1991) (referring to a "rule which had been brought to [the employee's] attention"). Such a limitation on what can constitute a company rule comports with traditional notions of fairness and due process. Applying this rationale, this Court holds that failure to comply with contemporaneously given instructions from an employee's supervisor cannot constitute a violation of a company rule under the first prong of the *Branch* test, unless a specific company rule so stating was available to the employee in advance. Accordingly, the Court finds that no evidence in the record supports the Commission's conclusion that Ruprai deliberately violated a company rule, and the decision of the Commission therefore must be reversed. *See Bell Atlantic Network Services v. V.E.C.*, 16 Va. App. 741, 745 (1993).

### Conclusion

For the reasons articulated herein, the Court reverses the decision of the Virginia Employment Commission and remands this matter to the Commission for a determination of whether Ruprai's actions constituted misconduct under the second prong of the *Branch* test. *See Hoyle v. V.E.C.*, 24 Va. App. 533, 537-38 (1997) (finding an implied power to remand to the Commission in Va. Code § 60.2-625); *Actuarial Benefits & Design Corp. v. V.E.C.*, 23 Va. App. 640, 651 (1996) (remanding a claim "to the commission for proceedings to determine" matters governed by Va. Code § 60.2-618).