COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


SAMUEL T. BISTAWROS

                                        MEMORANDUM OPINION[**] BY
v.    Record No. 2207-00-4                  PER CURIAM
                                         FEBRUARY 20, 2001
VIRGINIA EMPLOYMENT COMMISSION AND
 MINNIELAND PRIVATE DAY SCHOOL


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      William D. Hamblen, Judge

            (Samuel T. Bistawros, on briefs), pro se.

            (Mark L. Earley, Attorney General; Lisa J.
            Rowley, Assistant Attorney General; Paul S.
            Stahl, Assistant Attorney General, on brief),
            for appellee Virginia Employment Commission.

            No brief for appellee Minnieland Private Day
            School.


    Samuel T. Bistawros appeals a final order of the Circuit

Court of Prince William County affirming the decision of the

Virginia Employment Commission (VEC) to disqualify him from

receiving unemployment benefits.  Based upon the administrative

record of proceedings and argument, the circuit court held that

evidence in the record supported the VEC's findings of fact and

---

[*] Retired Judge Charles H. Duff took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that the VEC correctly concluded, as a matter of law, that Bistawros was discharged for misconduct in connection with his work for Minnieland Private Day School and disqualified for benefits under Code § 60.2-618.2.

## I.   VEC'S FACTUAL FINDINGS

The record establishes that Bistawros worked as a teacher for Minnieland from March 22, 1999 to December 28, 1999. Minnieland contracts with the Prince William County Public Schools to provide before-and-after-school care for children. Minnieland's employment handbook provides that employees may be dismissed without warning for insubordination and with warning for using threatening language.  On September 30, 1999, Bistawros was involved in an argument with the site director of the school to which he was assigned.  Bistawros accused the director of practicing witchcraft on him.  The next day, Bistawros' supervisor met with Bistawros to discuss the problem and told Bistawros that the site director felt threatened by the accusations.  The supervisor explained that Bistawros would be transferred to another school.  Because there was not one school to which he could be assigned, Bistawros was assigned to one school in the morning and another in the afternoon.

On October 6, 1999, Bistawros' supervisors met with him after having received a complaint from one of the schools that Bistawros was talking on the phone when he was assigned to

supervise children. During that meeting, Bistawros was told not to discuss witchcraft at work. On December 20, 1999, Bistawros accused a school custodian of practicing witchcraft. Minnieland discharged Bistawros for talking about witchcraft despite direct orders not to and for confronting school personnel when he had been instructed to bring his concerns to Minnieland if he was having problems.

"On review, [we] must consider the evidence in the light most favorable to the finding by the Commission." Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc., 4 Va. App. 621, 626, 359 S.E.2d 552, 554-55 (1987). Code § 60.2-625 sets forth the standard of "judicial review" for appeals from the decisions of the VEC. "[I]n such cases . . . the Commission's findings of fact, if supported by evidence and in the absence of fraud, are conclusive." Lee v. Virginia Employment Comm'n, 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985). Upon our review, we conclude that the VEC's findings of fact are supported by evidence in the record and are therefore binding on appeal.

## II. WORKPLACE MISCONDUCT

Code § 60.2-618.2 provides for disqualification from receipt of unemployment benefits if the VEC finds that the employee was discharged for work misconduct. "However, to establish misconduct employer had the burden of proving that the

employee deliberately or willfully violated a company rule."
Bell Atlantic v. Matthews, 16 Va. App. 741, 745, 433 S.E.2d 30, 32 (1993).

> [A]n employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

Branch v. Virginia Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). "'[O]nce the employer has borne [this] burden . . . [it] shifts to the employee to prove circumstances in mitigation of his or her conduct.'" Carter v. Extra's, Inc., 14 Va. App. 535, 539, 420 S.E.2d 713, 715 (1992) (citation omitted). "'Whether an employee's behavior constitutes misconduct, however, is a mixed question of law and fact reviewable by this court on appeal.'" Wells Fargo Alarm Servs., Inc. v. Virginia Employment Comm'n, 24 Va. App. 377, 384, 482 S.E.2d 841, 844 (1997) (citation omitted).

Bistawros was discharged for accusing his co-workers of practicing witchcraft. Bistawros had been warned by his supervisor that the licensing agency for daycare programs had expressed concerns about his earlier accusation. He was also warned that further discussions of witchcraft or voodoo could

- 4 -

lead to his discharge.  The VEC concluded that Bistawros' actions had been insubordinate and amounted to misconduct.

"An employee's refusal to obey a reasonable directive of his or her employer may constitute misconduct so as to disqualify that employee from unemployment benefits."  Helmick v. Economic Dev. Corp., 14 Va. App. 853, 859, 421 S.E.2d 23, 26 (1992).  Indeed, we have previously held that insubordination can constitute misconduct connected with work.  See Wood v. Virginia Employment Comm'n, 20 Va. App. 514, 518-19, 458 S.E.2d 319, 321 (1995).  Bistawros' violation of a direct command not to discuss witchcraft in the schools constituted misconduct.

Although Bistawros was instructed to contact Minnieland first with complaints of this nature, Bistawros yelled at a school janitor in front of school officials.  Bistawros' insubordinate refusal to obey a reasonable directive constituted misconduct.

## IV.  MITIGATION

"[T]he burden of proving mitigating circumstances rests upon the employee."  Kennedy's Piggly Wiggly Stores v. Cooper, 14 Va. App. 701, 705, 419 S.E.2d 278, 280-81 (1992).  "Absent evidence to 'explain or justify' such misconduct and 'show mitigating circumstances, the commission must find that benefits are barred.'"  Carter, 14 Va. App. at 540, 420 S.E.2d at 716 (citations omitted).  In mitigation, Bistawros makes accusations

of fraud, prejudice, and conspiracy.  Bistawros argues that he was the victim of witchcraft performed by Minnieland in conjunction with Egyptian intelligence.  However, Bistawros provides no factual basis for the allegations and does not point to any evidence to support his contention that the VEC and the circuit court were biased against him.  The circuit court upheld the VEC finding that no mitigating circumstances have been proven.  We find no error in these decisions.  Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.