COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Kelsey and Senior Judge Hodges


MARK N. DENISAR
                                                    MEMORANDUM OPINION[*]
v.        Record No. 2861-03-4                          PER CURIAM
                                                     AUGUST 17, 2004
BARRETT HAULING AND
 VIRGINIA EMPLOYMENT COMMISSION


FROM THE CIRCUIT COURT OF WARREN COUNTY
John E. Wetsel, Jr., Judge

(Mark Denisar, *pro se*, on brief).

(Nate L. Adams, III; Donald G. Powers, Senior Assistant Attorney
General; Adams & Associates, P.C., on brief), for appellees.


        Mark Denisar appeals a final order of the Circuit Court of Warren County affirming the

decision of the Virginia Employment Commission (VEC) to disqualify him from receiving

unemployment benefits.  Based upon the administrative record of proceedings and argument, the

circuit court held that evidence supported the VEC's findings of fact and that the VEC correctly

concluded, as a matter of law, that Denisar was discharged for misconduct in connection with his

work for Barrett Hauling (Barrett) and disqualified for benefits under Code § 60.2-618(2).

Denisar appeals that decision.  In his brief, Denisar raises five questions presented, all of which

essentially contend the circuit court erred in finding that the evidence supported VEC's decision.

Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.


------

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Denisar filed a claim for benefits with the VEC on October 15, 2002, alleging "lack of work" arising from his former employment as a truck driver with Barrett. On or about November 14, 2002, the deputy claims examiner concluded Denisar had been discharged for refusing to take a load pursuant to the directive of his employer and therefore determined that he was discharged for misconduct. The deputy held Denisar was ineligible for benefits.

Denisar appealed the adverse ruling to an appeals examiner. Following a hearing on the matter, the examiner reversed the determination of the deputy and reinstated benefits. Barrett appealed that decision.

The VEC considered the record and reversed the appeals examiner's decision, disqualifying Denisar from receiving benefits based upon his refusal to carry the load at the request of his employer's client. Denisar requested a reconsideration. Following a review of the record, the VEC concluded the decision was "fully supported by the evidence and the law was properly applied to the facts." Denisar again requested reconsideration, which request was denied.

Denisar then appealed the VEC's decision to the circuit court, which reviewed the record and heard argument by counsel. By order dated October 9, 2003, the circuit court affirmed the decision of the VEC denying Denisar benefits. Denisar appeals the decision of the circuit court.

"On review, [we] must consider the evidence in the light most favorable to the finding by the Commission." Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc., 4 Va. App. 621, 626, 359 S.E.2d 552, 554-55 (1987). Code § 60.2-625 sets forth the standard of "judicial review" for appeals from the decisions of the VEC. "[I]n such cases . . . the Commission's findings of fact, if supported by evidence and in the absence of fraud, are conclusive." Lee v. Virginia Employment Comm'n, 1 Va. App. 82, 85, 335 S.E.2d 104, 106

(1985).  Upon our review, we conclude that the VEC's findings of fact are supported by evidence and are therefore binding on appeal.

The evidence showed Barrett employed Denisar as a driver to haul lumber.  His employment began on April 9, 2002 and ended on July 8, 2002.  Drivers for Barrett usually worked from 7:00 a.m. until 5:00 p.m., but often worked overtime and continued hauling until the scheduled work was completed.

Denisar holds a commercial driver's license and is thereby bound by certain regulations regarding maximum work hours on and off the road.  He was scheduled to begin a vacation beginning Saturday, June 29, 2002.  Denisar testified that on Friday, June 28, 2002, he made plans to celebrate his birthday with his father and to leave the job site by 5:00 p.m.  He returned from delivering a load at approximately 4:15 p.m., and was asked by the lumber store manager to carry another load.  Denisar refused, claiming he was leaving for the day.  The manager informed Denisar that the delivery was just a "garage drop," which he could perform on his way home without having to return to the store.  Denisar still refused to carry the load.  When he returned to work from vacation on July 8, 2002, the store manager told Denisar to contact his supervisor at Barrett.  The supervisor then informed Denisar that his employment with the company had been terminated.

ANALYSIS

Code § 60.2-618(2) provides for disqualification from receipt of unemployment benefits if the VEC finds that the employee was discharged for work misconduct.

"[T]o establish misconduct [the] employer ha[s] the burden of proving that the [employee] deliberately or willfully violated a company rule."  Bell Atlantic v. Matthews, 16 Va. App. 741, 745, 433 S.E.2d 30, 32 (1993).

> [A]n employee is guilty of "misconduct connected with his work"
> when he *deliberately* violates a company rule reasonably designed

- 3 -

to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

Branch v. Virginia Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). "[O]nce the employer has borne [this] burden . . . [it] shifts to the employee to prove circumstances in mitigation of his or her conduct." Virginia Employment Comm'n v. Gantt, 7 Va. App. 631, 635, 376 S.E.2d 808, 811, aff'd on reh'g en banc, 9 Va. App. 225, 385 S.E.2d 247 (1989). Absent evidence to "explain or justify" such misconduct and "show mitigating circumstances, the commission must find that benefits are barred." Id. "'Whether an employee's behavior constitutes misconduct, however, is a mixed question of law and fact reviewable by this court on appeal.'" Wells Fargo Alarm Servs., Inc. v. Virginia Employment Comm'n, 24 Va. App. 377, 384, 482 S.E.2d 841, 844 (1997) (citation omitted).

"An employee's refusal to obey a reasonable directive of his or her employer may constitute misconduct so as to disqualify that employee from unemployment benefits." Helmick v. Economic Dev. Corp., 14 Va. App. 853, 859, 421 S.E.2d 23, 26 (1992). Indeed, we have previously held that insubordination can constitute misconduct connected with work. See Wood v. Virginia Employment Comm'n, 20 Va. App. 514, 518-19, 458 S.E.2d 319, 321 (1995).

The VEC found that Denisar unreasonably refused a request of Barrett's client which constituted misconduct connected with work. Denisar's testimony revealed he returned to the store at 4:15 p.m., checked out and got into his car. When Harley James, the store manager, approached Denisar and asked him to carry one more load, Denisar refused. James estimated Denisar would be able to complete the delivery of the load before 5:00 p.m. He denied Denisar mentioned that he was approaching the limit of time he was permitted to drive.

The circuit court noted that "[t]he evidence was in conflict in this case, and the Commission accepted the Employer's version of the circumstances of the discharge." The

determination of a witness' credibility is within the fact finder's exclusive purview.  See

Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  The

credibility finding is supported by evidence in the record.

"[T]he burden of proving mitigating circumstances rests upon the employee."  Kennedy's

Piggly Wiggly Stores v. Cooper, 14 Va. App. 701, 705, 419 S.E.2d 278, 280-81 (1992).  The

record showed that at the time of the misconduct, Denisar's stated reasons for refusing to carry

the load consisted of his vacation plans and his plans to celebrate his birthday with his father.

Such personal plans do not constitute mitigating factors so as to avoid the disqualifying

provisions of Code § 60.2-618(2).

The circuit court upheld the VEC finding that no mitigating circumstances have been

proven.  We find no error in those decisions. Accordingly, the decision of the circuit court is

summarily affirmed.

Affirmed.