## Richmond

VIRGINIA EMPLOYMENT COMMISSION

v.

CITY OF VIRGINIA BEACH

Record No. 790791.

VIRGINIA EMPLOYMENT COMMISSION

v.

CITY OF VIRGINIA BEACH SCHOOL BOARD

Record No. 800943.

VIRGINIA EMPLOYMENT COMMISSION

v.

SHARON RAIFORD

Record No. 801141.

December 4, 1981.

Present: All the Justices.

*Robert J. Barry,* Assistant Attorney General *(Marshall Coleman, Attorney General,* on brief), for appellant.

*Richard H. Matthews,* Assistant City Attorney *(J. Dale Bimson, City Attorney,* on brief), for appellee.

*Guy W. Horsley, Assistant Attorney General (Marshall Coleman, Attorney General; Stephanie J. Valentine, Assistant Attorney General, on brief), for appellant.*

*Richard H. Matthews, Assistant City Attorney (J. Dale Bimson, City Attorney; Jay A. Richardson, Chief Deputy City Attorney; Michael T. Soberick, Assistant City Attorney, on brief), for appellee.*

*Robert J. Barry, Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellant.*

*Alvin B. Fox (Ellenson, Fox and Wittan, Inc., on brief), for appellee.*

HARRISON, J., delivered the opinion of the Court.

The dispositive issue in these consolidated cases is whether the Virginia Employment Commission is a "person aggrieved" by the judgments of the courts below within the meaning of Code § 8.01-670.[1]

## A.
### The City of Virginia Beach Case

Anne Guizzetti, a clerk-typist employed by the Virginia Beach Police Department, was convicted of shoplifting merchandise from a local department store. Upon learning of her conduct, the City terminated Guizzetti for a violation of the City's Code of Ethics which, in section three, prohibited City employees from "breach[ing] the law." Guizzetti sought unemployment benefits, and her claim was allowed by a deputy commissioner, who found she was not guilty of misconduct "in connection with work." A series of appeals followed, resulting in a circuit court reversal of the full Commission's decision allowing Guizzetti's unemployment

---

[1] At the time appeals were awarded, the Court directed counsel to address this issue in addition to the errors assigned in the respective petitions. The issue has not heretofore been raised or addressed in any case involving the Virginia Employment Commission.

benefits claim. We then granted the Commission an appeal. Guizzetti did not seek an appeal and is not before this Court.

## B.
### The City of Virginia Beach School Board Case

Kenneth W. Mulligan filed claim for unemployment benefits arising out of his position as a substitute teacher for the Virginia Beach School Board. The claim progressed administratively with the full Commission deciding *inter alia* that Mulligan was eligible for benefits during certain periods. On appeal, the circuit court reversed the Commission's decision, holding that claimant was not eligible for unemployment benefits. Mulligan is not a party to the Commission's appeal from this final order.

## C.
### The Sharon Raiford Case

Sharon Raiford, a key punch operator for Liebherr America, Inc., sought medical attention for depression resulting from "job pressure" and the hiring of another employee at a higher wage rate. She subsequently quit her job and filed a claim for unemployment compensation. The full Commission disqualified Raiford for benefits because "she left work voluntarily without good cause." Upon Raiford's petition for judicial review, the court below found that she was entitled to receive benefits and reversed the Commission's decision. The employer, Liebherr, did not join the Commission in this appeal.

Code § 60.1-67 stated that appeals from circuit court decisions in employment compensation cases are to be taken "in conformity with the general law governing appeals in equity cases."[2] We construed this language in *Blankenship* v. *Virginia U.C.C.*, 177 Va. 250, 257, 13 S.E.2d 409, 412 (1941), and said "for an appeal to be 'in conformity with the general law,' it must be in accordance, in agreement, or in harmony therewith." The "general law" regarding the cases which may be appealed to this Court is contained in Code § 8.01-670 as construed and applied by this Court. This statute provides that any person may present a petition for an appeal to this Court if he believes himself aggrieved by certain specified judgments and orders.

---

[2] Code § 60.1-67 was amended and reenacted as Code § 60.1-67.1. Acts 1980 c. 463. The language of the two statutes is substantially the same.

The losing parties in the instant cases, clearly the parties aggrieved, have accepted the circuit courts' judgments and have not appealed. The Commission is the only party before this Court challenging the rulings. The standing of the Commission to prosecute the instant appeals has been challenged here. Therefore, as a threshold matter we must determine if the Commission is a "person aggrieved" within the purview of Code § 8.01-670.

■ In *Insurance Association* v. *Commonwealth,* 201 Va. 249, 110 S.E.2d 223 (1959), the Virginia Association of Insurance Agents sought to appeal two orders of the State Corporation Commission approving certain rates for automobile bodily injury and property damage liability insurance. We held that the Association was not, within the contemplation of Code § 12-63 (now § 12.1-39), a "party in interest" or a "party aggrieved" by the orders. Quoting with approval 4 C.J.S., *Appeal and Error* § 183(b)(1) (1957), we said:

"In legal acceptation a party or person is aggrieved by a judgment, order, or decree, so as to be entitled to appeal or sue out a writ of error, whenever it operates prejudically and directly upon his property or pecuniary rights or interest, or upon his personal rights, and only when it has such effect. The word 'aggrieved' in a statute, it has been held, refers to a substantial grievance, a denial of some personal or property right, legal or equitable, or the imposition upon a party of a burden or obligation; ***."

201 Va. at 253, 110 S.E.2d at 226.

And in *Nicholas* v. *Lawrence,* 161 Va. 589, 593, 171 S.E. 673, 674 (1933), we said:

Before a person is entitled to an appeal or writ of error he must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest. He must also show that he has been aggrieved by the judgment or decree of the lower court. Appeals and writs of error are not allowed for the purpose of settling abstract questions, however interesting and important to the public they may be, but only to correct errors injuriously affecting the appellant or plaintiff in error.

These requirements for standing to appeal were recently reiterated in the case of *Harbor Cruises* v. *Corporation Comm.,* 219 Va. 675, 250 S.E.2d 347 (1979).

The Commission contends that it has a substantial pecuniary interest in the outcome of all cases in which it is a party. It states that in addition to its role of administrative arbiter of employment benefits claims, it is the trustee and keeper of the Commonwealth's Unemployment Compensation Fund from which it is required to pay benefits and administrative expenses. The Commission argues:

> Acting then as a trustee, VEC has a vital pecuniary interest in any circuit court decisions which either require VEC to pay over funds held in the state treasury to the credit of the trust fund or prohibit VEC from collection of taxes creditable to the trust fund which would replace benefits paid.

Further, it argues that the "status" of the Unemployment Compensation Fund and its impact on benefit claimants "renders this case a revenue matter" appealable under the Virginia Constitution, Article VI, Section 1.

The Commission asserts that "[i]nevitably the decisions of circuit court judges, who in many cases are confronted by review of an unemployment case infrequently or for the first time, will depart from precedents and statutory interpretations contained in the vast body of Commission decisions." It argues that "the announcement of a flawed, yet precedent-bearing, decision by a circuit court does indeed constitute an *imposition* on the agency and create a *substantial grievance.*" We do not agree that circuit courts will inevitably deviate from Commission precedents, nor do we believe that if a lower court decision departs from a previous Commission holding or interpretation, the Commission is thereby "aggrieved." It may be disturbed, or even "affronted," and it may disagree strongly with the court, but it does not thereby become an aggrieved person, with the right of appeal, within the contemplation of Code § 8.01-670. Indeed, the Commission is not aggrieved to any greater extent than would be any other state agency, department, commission, or regulatory body which finds itself in disagreement with a decision of a court of competent jurisdiction.

In *Rudacille* v. *State Commission,* 155 Va. 808, 817, 156 S.E. 829, 832 (1931), we held that "[t]he right of appeal is no part of due process of law. All that a litigant can ask is that in some appropriate way, before some duly constituted tribunal, his compensation shall be determined." In the cases involved here, the claims for compensation were considered at the administrative level by a deputy commissioner, an appeals examiner, and the Commission. The Commission's findings of fact, if supported ,by evidence and in the absence of fraud, are made conclusive, and the jurisdiction of the circuit courts is confined to questions of law. Code § 60.1-67. Any appeal by a dissatisfied employer or employee of a VEC decision to the court must name the Commission as a defendant, and the VEC must transmit to that court all documents, papers, and testimony taken in the matter, together with its findings of fact and decision. From this point in the process, the general law governing appeals in equity cases controls. The legislature has not extended the right of appeal in compensation cases to any other than those persons who are aggrieved, the claimant and his or her employer, and this Court is without the authority so to do.

We are not unmindful of the fact that the Unemployment Compensation Act should be liberally construed to effect its beneficient aims. The legislature has simplified appeals to this Court by giving it jurisdiction to review decisions regardless of the amount involved in any claim for benefits. Certain procedural requirements have been waived, and no bond is required upon an appeal. Under these circumstances, we find it difficult to believe that the failure of the General Assembly specifically to incorporate a right of appeal by the VEC was inadvertent. There are thousands of claims filed annually under the Act, and with few exceptions the result is either the allowance of benefits to a claimant or denial of such benefits. If the General Assembly had intended to grant the Commission the right of appeal in cases in which it disagrees with the circuit courts' decisions, it would have included words to that effect in Code § 60.1-67. In our view the legislature has heretofore granted the right of appeal only to those who have direct interest in the subject matter, *i.e.,* those who receive or are denied benefits and their employers. The interest of an employee who is granted or denied benefits is obviously a pecuniary one. The pecuniary interest of an employer in the disposition of a claim is equally as apparent, for in Virginia it is the employer's taxes which support

the trust fund administered by the Commission. The amount of benefits paid employees by the Commission determines the amount of taxes paid by employers.

Our conclusion is that the Virginia Employment Commission is not a "party aggrieved" under the statute, and therefore it has no standing to prosecute the appeals in the cases under review. Having so decided, we deem it unnecessary to discuss the other questions presented by the assignments of error.

For the reasons stated, the appeals are

*Dismissed.*