## CIRCUIT COURT OF ROCKINGHAM COUNTY

Richard G. Catlett

    v.

Virginia Employment Commission and
North and South Lines, Inc.

January 7, 1986

Case No. (Law) 7135

By JUDGE JOSHUA L. ROBINSON

This appeal from a decision by the Virginia Employment Commission that the employee was disqualified for benefits because he was discharged for misconduct (Code Section 60.1-58(b)) presents the narrow question of whether the administrative determination is supported by evidence (Code § 60.1-67.1).

The Commission is the tribunal charged with the duty to ascertain the facts, and the Court may not interfere with its factual determination without usurping its powers. *American Furniture Co.* v. *Graves*, 141 Va. 1, 15 (1925); see *Humphrees* v. *Boxley Bros. Co.*, 146 Va. 91, 95 (1926), *Fox* v. *Commonwealth*, 207 Va. 701, 705 (1967).

The jurisdiction of the Court upon review "is limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did." Code § 9-6.14:17. The findings of the Commission as to the facts, if supported by the evidence, and in the absence of fraud are conclusive; the jurisdiction of the Court is limited to questions of law. *Code* Section 60.1-67.1. See *Lee* v. *Virginia Employment Commission*, 1 Va. App. 82, 2 VLR 274 (Sept. 17, 1985); *Virginia Employment Commission* v. *City of Virginia Beach*, 222 Va. 728, 734, 284 S.E.2d 595, 598 (1981).

But if there is no credible evidence to support a finding of fact, the issue becomes sufficiency of the evidence as a matter of law and is for the Court to decide. Code § 65.1-98; *Goodyear Tire & Rubber Co.* v. *Watson*, 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979).

Misconduct disqualifying an employee from benefits has been defined by the Virginia Supreme Court:

> an employee is guilty of "misconduct connected with his work" when he *deliberately* violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations he owes his employer. (citation omitted). Absent circumstances in mitigation of such conduct, the employee is "disqualified for benefits," and the burden of proving mitigating circumstances rests under the employee. *Branch* v. *Employment Commission*, 219 Va. 609, 611, 248 S.E.2d 180 (1978) (emphasis in original).

We accept the findings of the Appeals Examiner adopted by the Commission as quoted by the Commission in its brief:

> North and South Lines, Incorporated, of Harrisonburg, Virginia, was the claimant's last employer, where he worked as an over-the-road driver from September 4, 1984, through the last day worked of January 25, 1985.
>
> On February 17, 1985, the claimant was discharged from his position as a result of an accident occurring in a company truck on January 25, 1985. Under the employer's rules and regulations, a copy of which the claimant signed before beginning work, a major chargeable accident can result in a pay scale reduction or immediate time off or termination. A chargeable accident is not necessarily an accident for which a moving violation citation was issued; rather, the criterion for determining whether or not an accident is chargeable rests

with whether or not the accident could have been prevented.

On January 25, 1985, the claimant was bringing a load of poultry to Virginia, from Alabama, in a tractor and trailer owned by his employer, North and South Lines. Upon entering Virginia, the claimant ran into inclement weather, weather conditions he was aware of since he had been paying attention to the weather reports that day. While on I-81 North around Marion, Virginia, the claimant encountered heavy snow and slowed his rig to approximately thirty to thirty-five miles per hour. Around Pulaski, Virginia, the road conditions improved somewhat so the claimant resumed operating his rig between fifty and fifty-five miles per hour or maybe a little more. The tractor trailer truck ahead of the claimant tapped his breaks causing his break lights to come on and as a result, the claimant applied his brakes as well trying to slow his rig down. According to the claimant, his breaks locked up and he lost control of the vehicle and ended up jack-knifing his rig. The accident caused more than $22,700.00 damage to the tractor trailer which he was operating.

Within ten or fifteen minutes after the accident occurred, the state police were at the accident site to investigate. They found *the northbound lanes of I-81 completely covered with snow and the claimant's trailer jackknifing across the interstate, blocking both lanes north.* Upon questioning the claimant about the speed that he was operating his rig, the claimant responded that he was traveling about fifty-five miles per hour. According to the testimony of the state trooper at the appeals hearing, that speed was far too fast for the conditions of the road at the time. The claimant did not receive a moving violation ticket since while it had been the trooper's intention to cite the claimant for reckless driving, the claimant was removed from the scene by the rescue squad after complaining about being injured and after the claimant left the area,

the trooper let the matter drop. With the exception of the claimant's accident, *no other accidents were noted that day at the location* where the original accident occurred.

Subsequent to the January 25, 1985, incident, the employer investigated the claimant's complaint that the brakes had locked up and *found nothing wrong with the truck.* After talking with the trooper and obtaining his opinion that the claimant was traveling too fast for the road conditions that existed, the decision was made to separate the claimant and he was so advised of the termination and the reason for it.

Although a major chargeable accident may have been grounds, under the employer's Rules, for reduction in pay scale or termination, this is not an action for wrongful discharge. *Compare, Bowman* v. *State Bank of Keysville,* 229 Va. 534, 1 VLR 1435 (1985); *Linda J. Johnson* v. *S. E. Nichols, Inc.,* Circuit Court of Rockingham County, Law No. 6898, October 1, 1984.

The employer argues that the evidence that the petitioner was involved in an accident attributable to his negligence is sufficient to constitute misconduct disqualifying him from benefits. We find no evidence in the record that the employee engaged in a recurrent course of negligent or reckless driving after warnings by his employer; compare *Branch* v. *Employment Commission,* 219 Va. at 611.

Although the record would support a finding that the employee drove too fast for conditions, was negligent, or perhaps even drove recklessly, this cannot be equated with deliberate or willful misconduct. There is no evidence in the record from which it might be inferred that the employee deliberately or willfully caused the accident.

This Court is bound by the recent opinion of the Court of Appeals in *Uninsured Employer's Fund* v. *Keppel,* 1 Va. App. 162, 164, 2 VLR 506, 508 (Nov. 6, 1985):

> Willful misconduct requires something more than negligence, "Willful". . . imports something more than a mere exercise of the will in doing the act. *It imports a wrongful intention.* (emphasis supplied).

Although this was a workers compensation case the same principles apply and as the Court points out at 1 Va. App. 164, negligence regardless of how gross, does not constitute willful misconduct.

The Court, therefore, finds no evidence sufficient to support a finding of willful misconduct and will reverse the order of the Commission denying benefits.