COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Beales and Senior Judge Annunziata
Argued at Chesapeake, Virginia


JOYCE W. OFFIELD

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2133-08-1                      JUDGE RANDOLPH A. BEALES
                                                          JULY 14, 2009
VIRGINIA EMPLOYMENT COMMISSION,
   STONE CONTAINER CORPORATION,[1] AND
   LUMBER LIQUIDATORS, INC.


            FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
                          COUNTY OF JAMES CITY
                         Samuel T. Powell, III, Judge

            Jonathan H. Walker (Mason, Mason, Walker & Hedrick, P.C., on
            briefs), for appellant.

            Elizabeth B. Peay, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee Virginia
            Employment Commission.

            No brief or argument for appellees Stone Container Corporation and
            Lumber Liquidators, Inc.


        Joyce Offield (appellant) appeals the circuit court's order affirming the decision of the

Virginia Employment Commission (Commission) that ruled she was disqualified from

unemployment compensation benefits and dismissing her petition for judicial review. Appellant

argues that Lumber Liquidators, Inc. (Lumber Liquidators) lacked standing because it was not

the liable employer. We disagree with appellant's argument, and we affirm the circuit court.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The joint appendix makes clear that the full name of the party referred to here is Smurfit
Stone Container Corporation. However, as the case has been styled as "Stone Container
Corporation" from the agency proceedings, and no one has moved for a correction, we will
continue to use that name in the style of this case and in the body of this opinion.

## I. BACKGROUND

Appellant became unemployed when her job as an "Accounting Clerk III" for Stone Container Corporation (Stone Container) was relocated to Florida. She applied for unemployment benefits with the Commission and was awarded $308 per week for a 25-week period. Stone Container was listed as the responsible employer.

Appellant then began applying for new jobs, including one with Lumber Liquidators. Appellant was offered a customer care position with that company, and she reported to a one-day orientation and training session on July 16, 2007. Appellant resigned from the position with Lumber Liquidators at the beginning of the next workday, July 17, 2007, stating that she had received a better job offer closer to home.[2] However, appellant did not begin working anywhere else.

As a result of appellant's one day of work with Lumber Liquidators, further benefits proceedings occurred in the Commission. In September 2007, the Commission received a "Report of Separation and Wage Information" from Lumber Liquidators and "Statement[s] Concerning Voluntary Quit/Leave of Absence" from both appellant and Lumber Liquidators. In October 2007, a deputy of the Commission found that appellant remained eligible for unemployment compensation benefits. The deputy found that appellant left her one-day employment with Lumber Liquidators for good cause. The deputy's determination letter listed Stone Container as appellant's "LAST 30 DAY/240 HOUR EMPLOYER" and Lumber Liquidators as a "LESS THAN 30 DAY/240 HOUR EMPLOYER." Notification of the deputy's decision was mailed to appellant (the claimant), Stone Container (the liable employer), and Lumber Liquidators (the subsequent employer), signifying that

---

[2] In fact, appellant had submitted a resume to another employer at the time she resigned from Lumber Liquidators, but she had not received a job offer from that prospective employer.

these were parties to the agency proceeding. See 16 VAC 5-80-10. Stone Container did not appeal the deputy's decision, but Lumber Liquidators did appeal.

The matter was referred to a Commission appeals examiner,[3] and both appellant and Lumber Liquidators (but not Stone Container) participated in the telephonic hearing. Lumber Liquidators' representative acknowledged during the hearing that the company had appealed the deputy's award of unemployment benefits under the mistaken belief that it was liable for those benefits. The appeals examiner noted during the hearing that Stone Container was the liable employer pursuant to Code § 60.2-614, as that company was appellant's last 30-day, 240-hour employer. The appeals examiner explained that Lumber Liquidators was made a party to these second unemployment proceedings because it was a subsequent employing unit. In order to determine whether appellant was entitled to unemployment benefits, the Commission was required to know the facts concerning her separation from the liable employer and any subsequent employers. Following the hearing, the appeals examiner issued a written decision reversing the deputy's determination and ruling that appellant was disqualified from unemployment benefits because she voluntarily left work from Lumber Liquidators without good cause.

Appellant appealed the appeals examiner's decision to the final level of Commission review before a special examiner. Appellant claimed that Lumber Liquidators had no direct interest in the outcome of her unemployment compensation proceedings because Stone Container, not Lumber Liquidators, was the liable employer. Appellant contended, therefore, that Lumber Liquidators lacked standing to appeal the deputy's determination. The special examiner reviewed Code § 60.2-619, which concerns appeals from deputy determinations, as well as the Commission's

---

[3] An appeal is conducted pursuant to Code § 60.2-620, which allows for the appeal to be heard by either a lone appeals examiner (as occurred here) or a three-member tribunal. See Code § 60.2-621. The second and final appeal may then be taken before the Commission or, as here, before a designated special examiner whose decision shall become the final decision of the Commission, subject to judicial review under Code § 60.2-625. See Code § 60.2-622.

- 3 -

applicable regulation, 16 VAC 5-80-20(A). Based on this review, the special examiner rejected

appellant's contention that Lumber Liquidators did not have standing to appeal the deputy's

determination. Speaking for the Commission, the special examiner held that "the subsequent

employer in this case, or any subsequent employer, is a party to the proceeding, and has standing to

file an appeal from an adverse Deputy's determination." The special examiner affirmed the appeals

examiner's decision.

Appellant then filed a petition for judicial review in the circuit court pursuant to Code

§ 60.2-625. She again contended that Lumber Liquidators lacked standing to appeal the deputy's

determination. The circuit court[4] affirmed the decision of the Commission without conducting

additional analysis. This appeal followed.

## II. ANALYSIS

The sole issue on appeal is whether Lumber Liquidators had standing to appeal the deputy's

award of unemployment compensation benefits to appellant. The Commission held that Lumber

Liquidators, appellant's subsequent employer, was a party to the proceeding and had standing to

appeal the deputy's determination, and the circuit court affirmed this holding. Appellant argues that

the Commission's holding was erroneous because Lumber Liquidators was not sufficiently

interested in the outcome of the agency proceeding to obtain standing to appeal.

A reviewing court may reject an agency's factual findings on appeal only when a reasonable

mind would necessarily reach a different conclusion after considering the entire agency record;

however, when a reviewing court is faced with a pure question of statutory interpretation, the issue

is a question of law. See Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 441-42,

---

[4] Under the Virginia Administrative Process Act, "'the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court.'" J. P. v. Carter, 24 Va. App. 707, 721, 485 S.E.2d 162, 169 (1997) (quoting School Board v. Nicely, 12 Va. App. 1051, 1061-62, 408 S.E.2d 545, 551 (1991)).

621 S.E.2d 78, 88 (2005); see also Commonwealth v. Barker, 275 Va. 529, 536, 659 S.E.2d 502, 504 (2008) (stating matters of statutory interpretation are reviewed *de novo* on appeal). "[C]ourts apply the plain language of a statute unless the terms are ambiguous, or applying the plain language would lead to an absurd result." Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006).

Code § 60.2-619 governs deputy determinations and appeals from deputy determinations within the Commission. According to Code § 60.2-619(D), a deputy's determination or decision

> shall be final unless the claimant or *any such employing unit* files an appeal from such determination or decision (i) within thirty calendar days after the delivery of such notification, (ii) within thirty calendar days after such notification was mailed to his last known address, or (iii) within thirty days after such notification was mailed to the last known address of an interstate claimant. For good cause shown, the thirty-day period may be extended.

(Emphasis added). We, therefore, must determine if Lumber Liquidators was "any such employing unit."

Under Code § 60.2-619(B), after a claimant files an initial claim for unemployment compensation benefits with the Commission, the Commission shall provide "an informatory notice" to "the most recent thirty-day or 240-hour employing unit of the claimant and *all subsequent employing units*, and any reimbursable employing units which may be liable for reimbursement to the Commission for any benefits paid." (Emphasis added). As subsection B is worded, a subsequent employing unit need not be a "reimbursable employing unit[] . . . liable for reimbursement to the Commission for any benefits paid." Therefore, notice of a claim for benefits must be sent to subsequent employing units of the claimant – even if those subsequent employers are not liable under the Virginia Unemployment Compensation Act.

Under Code § 60.2-619(C), notification of a deputy's determination shall be sent to "the most recent thirty-day or 240-hour employing unit by whom the claimant was last employed and

- 5 -

*any subsequent employing unit which is a party*." (Emphasis added).[5] This notice provision applies where, as here, the deputy's determination involves the issue of whether, under Code § 60.2-618, the employee is unemployed because she left work voluntarily without good cause. See Code § 60.2-619(C). Subsection C contains no reference at all to "reimbursable employing units." Subsection C clearly provides, therefore, that notice must be sent to "any subsequent employing unit which is a party" to the agency proceeding, whether or not the subsequent employer is deemed a liable employer by the deputy.

Subsection D of Code § 60.2-619, as excerpted above, states that the deputy's determination is final "unless the claimant or *any such employing unit*" files an agency appeal. (Emphasis added). Thus, reading Code § 60.2-619 as a whole, the phrase "such employing unit" in subsection D logically refers to employing units described in subsections B or C. Accordingly, we conclude that the reference to "any such employing unit" in Code § 60.2-619(D) includes subsequent employing units facing no liability from the agency proceeding. This conclusion is reinforced by the fact that the appeal period from a deputy's decision is triggered by the issuance of notification of the deputy's determination. Code § 60.2-619(D). "[A]ny subsequent employing unit which is a party" – even a subsequent employer facing no liability – is entitled to such notification. See Code § 60.2-619(C).

Here, it is undisputed that Lumber Liquidators received notice of appellant's claim for benefits, participated in the proceedings before the deputy, received notice of the deputy's determination, and filed a timely appeal from the deputy's determination that was in appellant's favor. Lumber Liquidators, therefore, was a "subsequent employing unit which [was] a party" to

---

[5] The Commission, however, "may dispense with the giving of notice of any determination to any employing unit, and such employing unit shall not be entitled to such notice" if such employing unit fails to raise the claimant's ineligibility for benefits before the deputy issues a determination letter. See Code § 60.2-619(C).

the agency proceeding.  See Code § 60.2-619(C); see also 16 VAC 5-80-10 (providing that a deputy's "determination shall be promptly mailed to *the parties* at their last known addresses" (emphasis added)).  Consequently, Lumber Liquidators was "any such employing unit" and, therefore, could initiate an agency appeal of the deputy's determination under Code § 60.2-619(D).

Appellant argues that construing Code § 60.2-619(D) in this manner would disregard the Commission's own regulation concerning who may appeal a deputy's determination.  According to this regulation, "[t]he claimant, his liable employer, or any subsequent employing unit *with a direct interest in an issue* may appeal from an adverse deputy's determination as specified in § 60.2-619 of the Code of Virginia."  16 VAC 5-80-20(A) (emphasis added).[6]  Appellant contends that Lumber Liquidators did not have a "direct" pecuniary interest in her claim for benefits, as it was not a liable employer here.  Therefore, appellant argues, Lumber Liquidators lacked standing to appeal the deputy's determination in her favor.

Appellant attempts to buttress her argument by tying the regulation's reference to "direct interest" with case law involving principles of standing for the appellate courts.  For instance, in Virginia Employment Comm. v. City of Virginia Beach, 222 Va. 728, 732, 284 S.E.2d 595, 597 (1981), the Supreme Court considered whether the Commission was "a person aggrieved" within the meaning of Code § 8.01-670.  Id. at 730, 284 S.E.2d at 596.  There, the Commission appealed the circuit court's reversal of three of the Commission's rulings, but the individual parties affected by the circuit court's reversals did not appeal.  In concluding the Commission did not have standing to appeal the circuit court's judgments, the Supreme Court held that the General Assembly "granted the right of appeal only to those who have *direct interest* in the subject matter, i.e., those who receive or are denied benefits and their employers."  Id. at 734,

---

[6] Regulations may not conflict with the authorizing statute, Judicial Inquiry & Review Comm'n v. Elliott, 272 Va. 97, 115, 630 S.E.2d 485, 494 (2006), and we find no conflict exists here.

284 S.E.2d at 598 (emphasis added). Appellant contends that the only employer with a "direct interest" here was Stone Container, the liable employer; therefore, she claims, Lumber Liquidators lacked the necessary "direct interest" to obtain standing to appeal the deputy's determination.

However, neither the Supreme Court's decision in City of Virginia Beach nor any other case cited by appellant controls the issue before us here. The authority appellant relies upon involves standing to appeal to a *court*. See, e.g., Laurels of Bon Air, LLC v. Med. Facilities of Am. LIV Ltd. P'ship, 51 Va. App. 583, 591, 659 S.E.2d 561, 565 (2008) (noting "a 'named party' who loses an agency case decision ordinarily can seek *judicial review*" under the Administrative Process Act and "[a] party who is not 'named,' but a party nonetheless, can appeal to *circuit court*" if the party is "genuinely aggrieved" or qualifies as a "necessary party" (emphasis added)). Here, of course, only appellant, as the claimant in this case, filed an appeal to the circuit court and then to this Court. The issue, however, of "standing" to appeal *within the agency* – which is where Lumber Liquidators was appealing – is completely unaddressed by the authority upon which appellant relies.

"The construction which an administrative agency gives to its regulation, if reasonable, is entitled to great deference." Virginia Real Estate Board v. Clay, 9 Va. App. 152, 160, 384 S.E.2d 622, 627 (1989). Interpreting 16 VAC 5-80-20(A), the special examiner held that Lumber Liquidators, a subsequent employer, was a party to the agency proceeding and, therefore, had standing to appeal the deputy's determination in appellant's favor to the appeals examiner within the Commission. The special examiner's construction of the Commission's regulation was reasonable here. The Commission's finding that Lumber Liquidators had standing to appeal within the agency was consistent with its regulation.

"The claimant, his liable employer, or any subsequent employing unit with a direct interest *in an issue* may appeal" a deputy's determination. 16 VAC 5-80-20(A) (emphasis added). Notably, the "direct interest" required under the regulation need not be a direct interest as to liability; rather, any subsequent employing unit need only have "a direct interest in an issue" before the deputy. Here, the issue before the deputy was the nature of appellant's voluntary resignation from her new position at Lumber Liquidators. As part of the "Record of Facts Obtained by [the] Deputy," both appellant and Lumber Liquidators submitted statements concerning appellant's voluntary resignation. Appellant claimed the customer care position was incompatible with her skills, and Lumber Liquidators claimed appellant resigned because she indicated that she had another job. Lumber Liquidators' interest in the issue of appellant's voluntary resignation – an issue on which Lumber Liquidators disagreed with appellant and with the deputy's determination – demonstrates that a subsequent employing unit need not have a pecuniary interest in the claim to be a party in a proceeding before a Commission deputy. Appellant's argument concerning the "direct interest" referenced in 16 VAC 5-80-20(A) is based on an incomplete reading of that regulation.

Lumber Liquidators, as a "subsequent employing unit which [was] a party," Code § 60.2-619(C), qualified as "any such employing unit" permitted to appeal a deputy's determination under Code § 60.2-619(D). While it is perhaps ironic that this appeal would not be before us if Lumber Liquidators had not appealed the deputy's determination under the mistaken belief that it was the liable employer, nevertheless, Code § 60.2-619 – for the reasons explained above – clearly allows for such appeals *within the agency*. Accordingly, the Commission correctly held that Lumber Liquidators had standing to appeal the deputy's determination, and the circuit court's order affirming this holding was proper.

### III. CONCLUSION

Consequently, for the foregoing reasons, we affirm the circuit court.

<u>Affirmed.</u>