COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Kelsey and Huff
Argued at Chesapeake, Virginia


MICHAEL D. WILLS AND
 TODD SOLOMON
                                                        OPINION BY
v.      Record No. 2638-09-1              CHIEF JUDGE WALTER S. FELTON, JR.
                                                   DECEMBER 6, 2011
VIRGINIA MARINE RESOURCES COMMISSION,
 DIRK SANFORD AND CHARLES GREGORY


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            H. Thomas Padrick, Jr., Judge

              Thomas S. Carnes (Roy, Larsen, Carnes, & Romm, P.C., on brief),
              for appellants.

              David C. Grandis, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General; Elizabeth A. Andrews, Senior
              Assistant Attorney General; Christopher H. Falk; The Law Office of
              Christopher H. Falk, on brief), for appellees.


        Michael D. Wills and Todd Solomon ("appellants") appeal from a judgment of the Circuit

Court of the City of Virginia Beach ("circuit court") dismissing their petition for appeal challenging

the decision of the Virginia Marine Resources Commission ("VMRC") to permit Dirk Sanford and

Charles Gregory ("appellees") to locate pound nets in Chesapeake Bay, because their petition failed

to allege sufficient facts to establish standing.  For the following reasons, we affirm the judgment of

the circuit court.

                                   I.  BACKGROUND

        Appellees filed permit applications with VMRC to locate pound nets on bottomland in the

Chesapeake Bay, near the Chesapeake Bay Bridge-Tunnel and Lynnhaven Inlet.[1]  On March 24,

_____
        [1] The record is unclear as to exactly when appellees applied for the permits.

2009, VMRC conducted a public hearing to consider appellees' applications. At that hearing, appellants spoke in opposition to the permit applications. They asserted the pound nets were inappropriate for such a densely populated area of Chesapeake Bay, would pose a navigation hazard for boats, and would be placed near the beach and in waters frequently and customarily used by appellants and others for recreational purposes. After consideration of VMRC staff recommendations and testimony in support of and in opposition to appellees' permit applications, VMRC approved appellees' pound net permit applications.

Appellants appealed VMRC's decision to grant the permits to the circuit court, pursuant to Code § 28.2-1205(F). That statute provides, in pertinent part, that "[a]ny person aggrieved by a decision of the [VMRC] under this section is entitled to judicial review in accordance with the provisions of the Administrative Process Act ([Code] § 2.2-4000 *et seq.*)."[2] Appellees demurred to appellants' petition for appeal and moved to dismiss the appeal, arguing that appellants lacked standing to appeal VMRC's decision to the circuit court.

On July 10, 2009, following arguments on the standing issue, the circuit court found, in pertinent part, that "[appellants] have failed to allege facts sufficient to show that they are aggrieved by the [VMRC's] March 24, 2009 decision to grant the respective license applications of [appellees] Sanford and Gregory to locate pound nets in the Chesapeake Bay near the Chesapeake Bay Bridge-Tunnel and Lynnhaven Inlet."

---

[2] Appellees contend appellants erred in filing suit in the circuit court pursuant to Code § 28.2-1205, which appears in Title 28.2, Subtitle III, "Habitat." Appellees assert VMRC issued the subject permits pursuant to Title 28.2, Subtitle II, "Fisheries," and that Code § 28.2-1205 applies solely to judicial review of the VMRC's decisions pertaining to Subtitle III, "Habitat." Appellees concede, however, that the standard for obtaining judicial review of VMRC's permitting decision is the same under both subtitles.

Appellants filed an amended petition for appeal on July 29, 2009.[3]  They asserted that VMRC's decision to approve the permits was arbitrary and capricious and that the permits unlawfully authorized encroachment in, on, or over state-owned subaqueous bottomlands, were unsupported by adequate evidence, were granted in violation of Code §§ 28.2-1205 and 2.2-4020(E),[4] and were unlawfully granted in violation of the public trust doctrine[5] and Virginia Constitution.[6]  They also contended that VMRC's decision to approve appellees' permits "ha[d] caused and will continue to cause substantial harm, great inconvenience[,] and added expense in the pursuit of [appellants'] recreational needs and interests as the direct result of the requirement that they avoid the waters near their homes now occupied by said pound nets."[7]

---

[3] Appellants' counsel told the trial court on October 15, 2009 that

> [t]he only difference between the amended petition and the first one is I put about a page worth of the specific activities that the petitioners engaged in regularly in the area now occupied by these pound nets and were prevented from doing now as a result of this permit, which gives them standing . . . .

[4] Code § 28.2-1205 describes the procedure VMRC "shall" follow in deciding whether to grant a permit for the use of state-owned bottomlands.  Code § 2.2-4020(E) provides that, following formal proceedings, agency decisions "shall be served upon the parties," together with the agency's findings and "the basic law under which the agency is operating."

[5] The public trust doctrine provides, in pertinent part:

> The state holds the land lying beneath public waters as trustee for the benefit of all citizens.  As trustee, the state is responsible for proper management of the resource to ensure the preservation and protection of all appropriate current and potential future uses, including potentially conflicting uses, by the public.

Palmer v. Commonwealth Marine Res. Comm'n, 48 Va. App. 78, 88, 628 S.E.2d 84, 89 (2006).

[6] Article XI, Section 1 of the Virginia Constitution provides that "it shall be the Commonwealth's policy to protect its . . . waters from pollution, impairment, or destruction, for the benefit, enjoyment, and general welfare of the people of the Commonwealth."

[7] Appellants are not riparian property owners.  Appellant Wills resides one block from the Chesapeake Bay beachfront.

Appellants asked the circuit court to reverse VMRC's permitting decision and order that the pound nets be removed; or alternatively, that it reverse VMRC's decision and remand to VMRC for further review of the permit application in accordance with Code § 2.2-4020.[8] Appellees demurred and moved to dismiss appellants' amended petition for appeal, again asserting that appellants failed to plead a sufficient basis to establish standing to challenge VMRC's permitting decision. Appellees contended that appellants failed to establish that they possessed an "immediate, pecuniary[,] and substantial" interest to challenge the permit, and failed to establish that VMRC's permitting decision imposed on them an obligation or burden that was different than that suffered by the general public.

After hearing argument on the standing issue, the trial court found that appellants did not "have an immediate[,] pecuniary[,] or substantial interest" in VMRC's decision to grant the pound net permits, thereby lacking standing to challenge the permits. On November 19, 2009, the trial court entered its final order dismissing appellants' amended petition for appeal for lack of standing. This appeal followed.

## II. ANALYSIS

Appellants contend that the trial court erred in granting appellees' demurrer to their petition for appeal. A demurrer "admits the truth of the facts alleged in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those facts." Philip Morris USA, Inc. v. Chesapeake Bay Found., Inc., 273 Va. 564, 572, 643 S.E.2d 219, 223 (2007).

---

[8] Code § 2.2-4020(A) of the Virginia Administrative Process Act provides that

> [t]he agency shall afford opportunity for the formal taking of evidence upon relevant fact issues in any case in which the basic laws provide expressly for decisions upon or after hearing and may do so in any case to the extent that informal procedures under [Code] § 2.2-4019 have not been had or have failed to dispose of a case by consent.

- 4 -

"Because our review of a circuit court's decision sustaining a demurrer addresses that same legal question, we review the circuit court's judgment *de novo*." The Chesapeake Bay Found., Inc. & Citizens for Stumpy Lake v. Commonwealth ex rel. State Water Control Bd., 46 Va. App. 104, 111, 616 S.E.2d 39, 42 (2005).

The Virginia Administrative Process Act ("VAPA") provides, in pertinent part, that

> [a]ny . . . party aggrieved by and claiming unlawfulness of a case decision . . . shall have a right to the direct review thereof by an appropriate and timely court action against the agency or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia.

Code § 2.2-4026.

To establish that a petitioner is "aggrieved" by a permit decision of VMRC, the petitioner "'must show that he has an immediate, pecuniary *and* substantial interest in the litigation, and not a remote or indirect interest.'" Bd. of Supervisors v. Bd. of Zoning Appeals, 268 Va. 441, 449-50, 604 S.E.2d 7, 11 (2004) (emphasis added) (quoting Virginia Beach Beautification Comm'n v. Bd. of Zoning Appeals, 231 Va. 415, 419, 344 S.E.2d 899, 902 (1986)). "To establish standing under this definition of 'aggrieved,' appellants [are] required to demonstrate that they possess[] either 'an immediate, pecuniary[,] and substantial interest in the litigation' or that they [have been] denied, 'some personal or property right, legal or equitable,' by VMRC's decision." Biddison v. Va. Marine Res. Comm'n, 54 Va. App. 521, 529, 680 S.E.2d 343, 347 (2009) (quoting Bd. of Supervisors, 268 Va. at 449-50, 604 S.E.2d at 11). Standing will not be conferred on a petitioner whose "sole interest . . . is to advance some perceived public right or to redress some anticipated public injury *when the only wrong he has suffered is in common with other persons similarly situated*." Virginia Beach Beautification Comm'n, 231 Va. at 419, 344 S.E.2d at 902 (emphasis added).

While recreational interests may suffice to confer standing under VAPA if those interests are also "immediate, pecuniary, and substantial," id. at 420, 344 S.E.2d at 903, such interests nonetheless must be distinguishable from interests "shared generally with the public," Va. Marine Res. Comm'n v. Clark, 281 Va. 679, 688, 709 S.E.2d 150, 155 (2011). Here, appellants' interests are indistinguishable from those of any boater, kayaker, swimmer, or recreational fisher in the Chesapeake Bay Bridge-Tunnel and Lynnhaven Inlet area of the Chesapeake Bay. Appellants are not burdened "to any greater extent than" any other similarly situated party who "finds itself in disagreement with" the VMRC's permitting decision. Virginia Employment Comm'n v. City of Virginia Beach, 222 Va. 728, 733, 284 S.E.2d 595, 598 (1981). Because appellants have failed to plead sufficient facts to show that they have an "'immediate, pecuniary[,] and substantial interest in the litigation,'" Biddison, 54 Va. App. at 528, 680 S.E.2d at 347 (quoting Bd. of Supervisors, 268 Va. at 449, 604 S.E.2d at 11), that is not shared by "other persons similarly situated," Virginia Beach Beautification Comm'n, 231 Va. at 419, 344 S.E.2d at 902, we conclude they have not established standing to challenge VMRC's permitting decision in the circuit court.

For these reasons, we affirm the judgment of the circuit court.

Affirmed.