COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia


MICHAEL CLAIR AND
 DOUGLAS BUCKLEY

                                                MEMORANDUM OPINION[*] BY
v.      Record No. 1006-16-1                    JUDGE ROBERT J. HUMPHREYS
                                                FEBRUARY 7, 2017

VIRGINIA MARINE RESOURCES COMMISSION,
 DONALD C. PORTER AND
 HARVEY A. DREWER, II


              FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                       Frederick B. Lowe, Judge Designate

              Chester Smith (Smith Law Group, on brief), for appellants.

              Matthew R. Hull, Assistant Attorney General (Mark R. Herring,
              Attorney General; John W. Daniel, II, Deputy Attorney General;
              Donald D. Anderson, Senior Assistant Attorney General & Section
              Chief, on brief), for appellee Virginia Marine Resources
              Commission.

              No brief or argument for appellees Donald C. Porter and Harvey
              A. Drewer, II.


       Michael Clair ("Clair") and Douglas Buckley ("Buckley") (collectively, the "appellants")

appeal the April 23, 2016 decision of the Circuit Court for the County of Accomack (the "circuit

court") upholding a decision of the Virginia Marine Resources Commission (the "VMRC") to

grant oyster harvesting ground leases to Donald Porter and Harvey Drewer, II (the "Porter and

Drewer leases").  Although appellants made multiple assignments of error, we need only address

the VMRC's cross-assignment alleging that the circuit court erred in ruling that the appellants

had standing to appeal the VMRC decision.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Before analyzing the issue of standing, it is important to establish an understanding of the land at issue in this case. The Baylor Survey, which was created pursuant to the 1892 Acts of the General Assembly, defines the limits of the public natural oyster beds and reserves them for public use in perpetuity. See Comm'n of Fisheries v. Hampton Roads Oyster Packers & Planters Ass'n, 109 Va. 565, 572-73, 64 S.E. 1041, 1044 (1909); Code § 28.2-551. It is therefore prohibited for the VMRC to lease any land covered under the Baylor Survey. Va. Const. art. XI, § 3; see also Code § 28.2-551. Any land that is not covered under the Baylor Survey, however, is owned by the Commonwealth and reserved for public use *unless* the land is leased to a private individual or entity by the VMRC. Code § 28.2-1208(A). The appellants here appeal the VMRC's decision that the land covered by the Porter and Drewer leases is not covered under the Baylor survey, and thus was available to be leased. However, because we find that neither of the appellants has standing to appeal the decision, we cannot review the VMRC's decision in that regard.

Whether a party has established standing is a matter of law reviewed *de novo*. Va. Marine Res. Comm'n v. Clark, 281 Va. 679, 686-87, 709 S.E.2d 150, 154-55 (2011). According to Code § 2.2-4026(A), a party must be "aggrieved by . . . a case decision" of an agency such as the VMRC before it is entitled to judicial review of the agency's decision.

"The word 'aggrieved' in a statute contemplates a *substantial grievance* and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally." Clark, 281 Va. at 687, 709 S.E.2d at 155 (quoting Virginia Beach Beautification Comm'n v. Board of Zoning Appeals, 231 Va. 415, 419-20, 344 S.E.2d 899, 902-03 (1986) (emphasis added)). For a party to be "aggrieved," the Supreme Court has made clear that:

> "[i]t must affirmatively appear that such person had some
> direct interest in the subject matter of the proceeding that he seeks

to attack. The petitioner 'must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest.' Nicholas v. Lawrence, 161 Va. 589, 593, 171 S.E. 673, 674 (1933). Thus, it is not sufficient that the sole interest of the petitioner is to advance some perceived public right or to redress some anticipated public injury when the only wrong he has suffered is in common with other persons similarly situated."

Id. (quoting Virginia Beach Beautification Comm'n, 231 Va. at 419-20, 344 S.E.2d at 902-03); see also Wills v. Va. Marine Res. Comm'n, 59 Va. App. 168, 174-75, 717 S.E.2d 803, 806 (2011). As defined by Black's Law Dictionary (10th ed. 2014), "pecuniary" means "[o]f, relating to, or consisting of money."

The VMRC argues that appellants are not "aggrieved" by its decision to grant the leases because appellants failed to allege any specific individual right or property right that would separate them from the general public. In other words, the VMRC alleges that any right to harvest oysters on public grounds is a public right that does not meet the "substantial grievance" standard of Clark. 281 Va. at 687, 709 S.E.2d at 155.

Although appellants both previously used some of the land granted in the Porter and Drewer leases for their own personal or commercial gain, neither Clair nor Buckley has established that he is an "aggrieved" party because neither has identified any burden suffered that is separate than suffered by the public generally. See id. (quoting Virginia Beach Beautification Comm'n, 231 Va. at 419-20, 344 S.E.2d at 902-03).

While Clair had an "immediate, pecuniary and substantial interest" in the litigation because he was a commercial waterman who could make approximately $28,000 per month from oysters harvested from the leased lands, his interest in using those lands is no different than any other member of the public generally. See id. Before the granting of the Porter and Drewer leases, any member of the public could decide to harvest oysters from those areas, whether for pecuniary gain or otherwise. However, after the leases were granted, no member of the public—

whether commercial waterman, recreational fisher, or even potential harvester of oysters—would be allowed to harvest oysters from the leased areas for the duration of the lease. Thus, although all members of the public previously had free access to the oyster beds covered by the Porter and Drewer leases, the termination of public access caused by the Porter and Drewer leases is not unique to appellants, because every member of the public had the right to harvest oysters on those lands *until the Porter and Drewer leases were granted*. Thus, under the standing standard established by the Supreme Court in <u>Clark</u>, Clair is not a person "aggrieved" by the VMRC's decision to grant the Porter and Drewer leases because the burden imposed is not "different from that suffered by the public generally." <u>See</u> <u>id.</u>

For the same reason, Buckley is also not "aggrieved" by the VMRC decision because he did not suffer "a burden or obligation . . . different from that suffered by the public generally." <u>See</u> <u>id.</u> Further, besides being in the same situation as every other member of the public, Buckley also does not have an "immediate, pecuniary, and substantial interest," in the areas covered by the Porter and Drewer leases because he was not a *commercial* waterman and thus did not have any pecuniary interest in those areas. Therefore, Buckley also lacks standing to appeal this case.

Because neither Clair nor Buckley had standing to appeal this case, we cannot consider the merits of their assignments of error. We hold that the circuit court erred in finding the appellants had standing to appeal the VMRC decision, and therefore, we reverse the judgment of the circuit court with respect to that issue and remand this case to the circuit court for the entry of an order consistent with this opinion.

<u>Reversed and remanded.</u>